## SAVOCCOL v DIETRICH

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10873. Decided Dec 8, 1930

John L. Wiesend, Cleveland, for Savoccol.
Nathan Herstam, Cleveland, for Deitrich.

## STATEMENT OF FACTS

Plaintiff in error is in this court complaining of error in the trial in which judgment was rendered against her in the Municipal Court of the City of Cleveland. She states in her brief that the single error upon which she asks a reversal of the trial

court, is the refusal of that court to comply with her request to state in writing the conclusions of fact found separately from the conclusions of law, in conformity with the provisions of 11,470 GC.

Defendant in error admits that the courts of this State have repeatedly construed this statute to be mandatory rather than merely directory, but contends that the request of plaintiff in error was made too late.

The material entries shown on the transcript are as follows:

"Jan. 29, 1930: To Court: Case called; parties in court; trial had; Court finds for the plaintiff and assesses his damages at $90.65 as against Anna Savoccol, Motion of defendant Edward Savoccol for a finding in his favor granted.

"Jan. 31, 1930: Motion for separate findings of fact and law filed.

"Feb. 21, 1930: To Court: Motion by defendant for a new trial in this cause is heard and overruled, to which ruling defendant excepts. Wherefore it is considered that plaintiff recover of defendant said sum of $90.65 and also his costs of suit. Judgment is rendered against defendant Anna Savocool for her costs herein.

"Mar. 24, 1930: To Court: Motion for separate findings of fact and law denied. Defendant excepts."

During argument each counsel stated that apparently there are no reported cases bearing upon the question they present, unless it be the case of **Strauss vs. Friedman, et al, 2 Oh Ap 11.** The discussion in that case is very helpful, as are those found in the following cases: **Toledo vs. Barnes, et al, 1 O. N. P. 188; Graver vs. The Guardian Trust Company, 29 Oh Ap 233; Skillcorn vs. McCormick, et al, 29 O L R 356.**

But it is unnecessary for this court to decide whether the request of plaintiff in error was seasonably made, inasmuch as the provisions of 11,470 GC have no application in this case.

Sec 1579-19, paragraph 5 of the Municipal Court Act, confers upon the judges of that court the power to adopt rules of procedure.

Paragraph 6 of the same section reads:

"Where no special provision is made in this act, **or by rule of court,** the provisions of title 4, part third, of the General Code shall apply to the practice and procedure of the Municipal Court; but this section shall not be construed to abridge the powers of the judges in respect thereto granted by this act."

Municipal Court Rule No. 2 in effect at the time the instant case was tried provides, in part, as follows:

"All civil actions in this court are hereby divided into the following classes: * * * *

"Second Class Cases—(1) All actions for the recovery of money only whether in contract or tort, wherein the amount sought to be recovered does not exceed one hundred dollars exclusive of interest and costs."

Then, in Municipal Court Rule No. 24, we find the following:

"In second class cases the provision of the Ohio Code governing the practice and procedure in the **Court of Justice of the Peace** so far as the same may be applicable to the Municipal Court and consistent with the act creating the same and not inconsistent with the rules otherwise adopted, shall be held to **apply** to and govern the proceedings in said **Municipal Court.**"

We are also mindful of **10,490 GC** which reads:

"The provision of Title 4, Part Third of the statutes, in their nature applicable to proceedings before a justice, and in respect of which no special provision is made in this title, shall apply thereto."

But, as indicated by Judge Sullivan in the case of **Skillcorn vs. McCormick,** et al, supra, we know of no authority holding that the provisions of **Section 11,470** are applicable to proceedings in the Court of Justices of the Peace. In the prayer of his statement of claim, defendant in error asked judgment in the sum of $90.65. Therefore, his was a second class case and triable under the rules of procedure provided for Justice Courts.

In view of the foregoing, the judgment of the trial court must be affirmed.

Vickery, PJ, and Levine, J, concur.