## DUICH et v CORELLO

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Dec 23, 1935

Arthur P. Gustafson, Cleveland, for plaintiffs in error.

C N. Krieg, Cleveland, and T. J. Coleman, Cleveland, for defendant in error.

### OPINION

By LEVINE, J.

The parties appear in reverse order. The action was one in replevin which was instituted in the Municipal Court of Cleveland by Angelo Corello. He claimed the right of possession of certain furniture and equipment by reason of a chattel mortgage to secure a promissory note in the sum of $800. Defendant in error, by way of defense, maintained that the note and mort-

gage were executed by Mary Duich, his sister-in-law and another one by the name of Gust Godley. It is unnecessary to enter into a detailed discussion of the issuable facts, as the principal question before us is a question of law.

Plaintiff in error who was defendant in the Municipal Court, made a request for separate findings of fact and conclusions of law, on December 22, 1934. Error is predicated upon the proposition that the court failed to comply with the request as required by law. It is claimed by defendant in error that the court at a later time made compliance with the request. The record does not disclose such compliance, and if we are to take into consideration facts extraneous to the record, it appears that such alleged compliance took place long after the time for the filing of the bill of exceptions had expired. It is quite apparent that a finding of facts and conclusions of law filed long after the institution of error proceedings would be entirely useless. We may take it for granted upon the record that there was no compliance with the request. This leads us into a discussion of the law as to whether §11421-2, GC, applies to a replevin action filed in the Municipal Court. §11421-2, GC, reads as follows:

"When questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, with a view or excepting to the court's decision upon questions of law involved in the trial, one of the parties so requests, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

In the case of **Cleveland Produce Co. v Dennert, 104 Oh St 149,** the Supreme Court held that the provisions of the above section confer a substantial right and are mandatory and that a failure to comply with the request for separate findings of fact and conclusions of law is reversible error. Counsel for defendant in error urges that the Municipal Court operates under rules of practice and procedure including the classifications of cases which were adopted by the judges in the exercise of statutory power to enact such rules. We are cited to the rules of the Municipal Court which, amongst others, provide that replevin actions are to be classed as second-class cases as follows:

"SECOND CLASS CASES: 2. That all cases in proceedings for the recovery of personal property, together with damages for the wrongful detention thereof * * *."

Sec 1579-36, GC, reads in part as follows: "And provided further that in all proceedings in error relating to judgments or orders of the Municipal Court, the reviewing courts shall take judicial notice of all rules relating to pleadings, practice or procedure of the Municipal Court."

In the case of **Savoccol v Dietrich, 37 Oh Ap 228 (9 Abs 206),** the court said: "1. The provisions of §11470, GC, are not applicable to proceedings in a court of justice of the peace.

"2. In the Municipal Court of the city of Cleveland civil actions designated by court rule as second class cases are triable under the provisions of the General Code governing the practice and procedure in a justice of peace court.

"3. In such cases it is not error for a trial court to refuse to state in writing the conclusions of fact found separately from the conclusions of law."

It is therefore contended by defendant in error that since all replevin actions, regardless of the amount involved, are classed as second-class cases, that under the authority of Savoccol v Dietrich, supra, it is not error for the court to refuse to state in writing the conclusions of facts found separately from conclusions of law. That the requirement of complying with the request for separate findings of facts and conclusions of law is limited to first class cases only, which under the rule of the Municipal Court the Ohio code of civil procedure governing the procedure and practice of the Courts of Common Pleas is made applicable.

It will be observed that the appraised value of the property taken in the instant case is a sum approximating $900. §10472, GC, which deals with the jurisdiction of Justices of the Peace in replevin cases, reads as follows:

"When the appraised value of the property so taken exceeds $300 the justice shall certify the proceedings in the case to the Common Pleas Court of his county and thereupon file the original papers with a certified transcript of his docket entries, in the clerk's office of such court. The case must then proceed as if it had been commenced there."

It is clear that a justice of peace has no jurisdiction to hear and determine a re-

plevin case if the appraised value of the property exceeds $300. Prior to the establishment of the Municipal Court of Cleveland the case at bar could not have been tried in a justice court. The Common Pleas Court alone had jurisdiction of such a case. It will be profitable to cite the rules of the Municipal Court dealing with the procedure and practice of first and second class cases. These are as follows:

"Rule 23. In all first class cases the provisions of the Ohio code of civil procedure governing the practice and procedure of Courts of Common Pleas, so far as the same are applicable to the Municipal Court and consistent with the act of May 10, 1911, establishing said Municipal Court, and not inconsistent with the rules otherwise adopted for the practice and procedure of said Municipal Court, shall be held to apply to and govern the proceedings in said Municipal Court.

"Rule 24. In second class cases the provisions of the Ohio code governing the practice and procedure in the court of justices of the peace, so far as the same may be applicable to the Municipal Court and consistent with the act creating the same, and not inconsistent with the rules otherwise adopted, shall be held to apply to and govern the proceedings in said Municipal Court."

It was the purpose of Rule 23 to incorporate the provisions of the Ohio code of civil procedure governing the practice and procedure of the Court of Common Pleas by reference, and make the same applicable to first class cases tried in the Municipal Court. It was likewise the purpose of Rule 24 to incorporate by reference the provisions of the Ohio code governing the practice and procedure in the court of justices of the peace and make the same applicable to second class cases in the Municipal Court. In both Rule 23 and Rule 24 we have the phrase "as far as the same may be applicable." The provisions of the justice court code may be deemed to have been incorporated in Rule 24 of the Municipal Court of Cleveland just as if they had been set forth in full therein. These provisions are applicable to the trial of second class cases in the Municipal Court.

It is difficult to comprehend a process of logic whereby the provisions of the justice court code can be made applicable to a second class case in the Municipal Court of Cleveland, when by its very wording the justice court code excludes justices of the peace from the exercise of jurisdiction

therein. There is no provision in the justice court code which governs the practice and procedure of a replevin action, when the appraised value thereof exceeds $300. We have, therefore, a situation where no provision was made to cover a replevin action classed under the rules as a second class case and where the appraised value of the property taken exceeds $300. We are of the opinion that §1579-19, GC, applies to this situation. It reads:

"Where no special provision is made in this act or by rule of court the provisions of Title 4, Part Third of the General Code (which is the code of civil procedure) shall apply to the practice and procedure of the Municipal Court; but this section shall not be construed to abridge the powers of the judges in respect thereto granted by this act."

Since no provision was made either in the act creating the Municipal Court or in the rules of court to cover a case like the case at bar, the same must be governed by the code of civil procedure which prescribes the practice and procedure in Common Pleas Court.

We are therefore of the opinion that the court committed error in failing to comply with the request for separate findings of facts and conclusions of law. The judgment is ordered reversed and the cause remanded for further proceedings according to law.

LIEGLEY, PJ, concurs in judgment.
TERRELL, J, dissents.

## DISSENTING OPINION

By TERRELL, J.

In dissenting from the conclusion of the majority, I hereby express my reasons therefor:

The Municipal Court is given full power to make its own rules governing practice and procedure by the statute herein quoted:

"Sec 1579-19, Subsection 5 GC. To expedite the business and promote the ends of justice the judges may from time to time adopt, publish, and revise rules relating to matters of practice and procedure, service and return of writs or process, classify the causes of action in the court and prescribe with reference to each class the degree of particularity with which a cause of action, set-off, counterclaim, or defense shall be set up."

By this provision the judges have power to classify the causes· of action in the court. Under this power the judges of the Municipal Court have classified the causes of action therein into first and second class cases. Under this power they have classified replevin actions, regardless of the amount of the appraisal of the property involved, as second class cases. They have also provided by Rule 24 that second class cases shall be governed by the procedure in the court of justices of the peace. This rule applies to all replevin actions. According to the practice and procedure in the court of justices of the peace it is not required that the justice make a separate finding of facts and law. Therefore, in any replevin actions tried in the Municipal Court of Cleveland, regardless of the amount of the value of the chattels involved, it the practice and procedure of the justice of the peace court applies, it is not required of the judge of the Municipal Court to make a special finding of fact and law even though that is requested by one of the litigants. To hold otherwise would be to limit the power conferred upon the judges of the Municipal Court under §1579-19, Subsection 5 GC. It is my opinion that this reviewing court has no right to limit the application of this section.

Sec 1579-19, Subsection 6 GC, as quoted in the majority opinion provides that where no special provision is made in the act or rule of court that the provisions of the code of civil procedure shall apply. This section also provides that it shall not be construed to abridge the powers of the judges in respect thereto granted by this act. Clearly, the judges of the Municipal Court have been given plenary power to classify cases and to adopt rules of procedure pertaining to the respective classes of cases. This they have done by making a "special provision" by "rule of court" governing replevin actions. Therefore, the provisions of the code of civil procedure should not apply to replevin actions in the Municipal Court of Cleveland.

The effect of the majority opinion is to decide that the Legislature did not mean what it said when it granted to the Municipal Court judges the power to classify cases and make rules of procedure pertaining thereto. By its conclusion the majority have made their own rule of classification of replevin cases which is, apparently, that replevin actions wherein the value of the chattels in controversy is over $300 shall be first class cases, and where $300 or less, shall be second class cases. The Court of Appeals has thereby assumed in effect to enact a rule for the Municipal Court. I do not believe it has the power to so legislate. There is no vice in the classification of cases adopted by the Municipal Court. There is no vested right in rules of procedure. The Legislature could change the rules of procedure pertaining to replevin actions so that all replevin actions would be governed by the justice of peace procedure. The Legislature can and did give the Municipal Court judges the power to do likewise. The Municipal Court judges have exercised this power properly.

Rule 24 consists of two parts, one is positive and provides what practice and procedure prevails in the Municipal Court in second class cases; the other is negative in that it designates when such practice and procedure shall not apply.

A re-statement of this rule might enable one to more clearly visualize the real meaning by comparison. Thus restated:

"Rule 24. In second class cases, the provisions of the Ohio code governing the practice and procedure in the courts of justices of the peace, shall not apply WHEN

"1. When they are not applicable to the Municipal Court, or

"2. When they are inconsistent with the act creating the same, or

"3. When they are inconsistent with the rules otherwise adopted.

"In all other instances said provisions shall apply."

Thus the court has made special provision by rule of court for the procedure pertaining to replevin actions. It then follows that §1579-19, subsection 6 GC would not apply, because it only applies "when no special provision is made."

The negative features of Rule 24 would only come into action when it was sought to apply some rule of justice court procedure in Municipal Court that had no proper application or was inconsistent with the act creating the court or other rules adopted by the court.

In the present case no such rule is brought into question. It is not attempted to apply any inconsistent rule of procedure to this replevin action. On the contrary the majority of this court is requiring the application of a rule of procedure that was not intended by the judges of the Municipal Court and cannot be encompassed either within §1579-19, Subsection 5, GC, or within Rule 24. It is manifest that §10472 GC found in the justice of the peace code is inconsistent with the act creating the Municipal Court and with the rules adopted

by the judges and is therefore inapplicable to said court and should be disregarded, because rule 24 provides that the justice of the peace code shall govern only "so far as applicable."