Stephenson, J.
 

 The parties occupy the same relative positions here as in the trial court and they will be referred to herein as plaintiff and defendant.
 

 There is but one question in this case, namely, was
 
 *125
 
 the defendant, Alice C. Bittmann, under all the facts and circumstances of this case, entitled as a matter of substantial right to findings of fact and conclusions of law?
 

 Some disagreement exists between counsel as to the exact time when the requests for the findings of fact and conclusions of law were made. Suffice it to say that the transcript of the docket and journal entries shows indisputably that the first request was made on January 18, 1934, at the conclusion of the case, and the second request was made on January 20, 1934, together with the motion for new trial.
 

 This court will in no wise attempt to reconcile the divergent views of the different Courts of Appeal upon the question involved herein. Neither can this court accept as authority the decisions of courts of last resort of other states upon the question of statutory construction unless the statutes of such states that deal with the subject are similar to our own. When counsel in their briefs appeal to the highest courts of other states for their authority upon the question of statutory construction, and do not at the same time set out the statute of the foreign state that is being construed, we must assume that such statute is not similar to ours or it would have been set out. Consequently, such authority is as “sounding brass.”
 

 Section 11421-2, General Code, in substantially its present form, has been a part of our statutory law for many years. It was known as Section 11470, General Code, until August 2, 1931. Prior to that time it was known as Section 5205, Revised Statutes, and it came in as a part of our Code of Civil Procedure as Section 280, Swan & Critchfield’s Revised Statutes of Ohio. This short history is given for the purpose of showing that we are not dealing with a new law. The section is in substantially the same form as when originally enacted in 1853 (51 Ohio Laws, 57, 103). It now reads:
 

 
 *126
 
 “When questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, with a view of excepting to the court’s decision upon questions of law involved in the trial, one of the parties so requests, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.” (114 Ohio Laws, 212).
 

 Plaintiff insists that an action for divorce is a special statutory proceeding and is not governed by our Code of Civil Procedure.
 

 We quite agree that an action for divorce is a special statutory proceeding; but it is likewise a civil action and it is governed by the provisions of our Code of Civil Procedure except in those instances where it is manifest that the legislative intent was to the effect that it should not be so governed. In so holding we are not unmindful of the case of
 
 State, ex rel. Kleinman,
 
 v.
 
 Cleveland,
 
 118 Ohio St., 536, 161 N. E., 918. So long ago as 1882 this court held that the right to have the trial court make separate written findings of fact and conclusions of law was a substantial right.
 
 Oxford Township
 
 v.
 
 Columbia,
 
 38 Ohio St., 87. The first paragraph of the syllabus of that case reads as follows:
 

 “Where a party requests that the court state separately the conclusions of law and fact under the civil code, § 280 (Rev. Stats. § 5205), and the request is not complied with, a judgment against such party should be reversed, unless it appear from the record that he was not prejudiced by the refusal.”
 

 We have no record in this case.
 

 Judge Okey, in passing on the above case, says at page 94: “This provision is one of much importance, and it is in no sense directory.” We agree with this dictum of Judge Okey.
 

 Plaintiff in the following language insists that the request in the instant case was not seasonably made:
 

 
 *127
 
 “Finding of fact and conclusions- of law should he requested before or at the time the case is submitted to the court for its decision, and request so made immediately after the rendition of a judgment is * * * too late.”
 

 Taking the order of plaintiff’s filings as set out in his brief, we find that defendant’s first request for separate findings of fact and conclusions of law was made and passed on by the trial court before the entry of judgment was filed.
 

 This request was surely seasonable.
 

 The oral announcement of a judgment or decree by the trial court binds no one. It is axiomatic that the court speaks from its journal. Any other holding would necessarily produce a chaotic condition.
 

 To hold that a request for separate findings of fact and conclusions of law had to be made before the case was submitted would require both parties to the action, in order to protect their rights, to make the request, and in every case the trial court would be required to make separate findings of fact and law.
 

 Section 11421-2, General Code, and its predecessors, never contemplated any such requirement, else the language “one of the parties” would not have been used. "Which one of the parties was contemplated by the General Assembly when it enacted the statute? Surely the party against whom the judgment or decree was pronounced. The successful party would have no use for such finding. We cannot imagine a lawyer so asinine, who, after winning his case, would want to know of the court why he won.
 

 This court finds that the requests made by the defendant herein for separate findings of fact and conclusions of law was made in time, and that the right to such findings exists in divorce cases as in other civil actions.
 

 
 *128
 
 The judgment of the Court of Appeals is hereby affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Gaever, Hart, Jones and Matthias, JJ., concur.
 

 Williams, J., not participating.