Turner, J.
 

 Section 11421-2, General Code, provides: “When questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, with a view of excepting to the court’s decision upon questions of law involved in the trial, one of the parties so requests, in which case, the court shall state
 
 *455
 
 in writing the conclusions of fact found separately from the conclusions of law.” The substance of this section has been in the statutory law of our state since the enactment of the civil code under the Constitution of 1851.
 

 This section is applicable to cases tried before the Municipal Court of Cleveland. Section 1579-19, General Code. There is nothing in the record to show any exception created by the rules of that court, such as was the case in
 
 Savoccol
 
 v.
 
 Dietrich,
 
 37 Ohio App., 228, 174 N. E., 170. See, also,
 
 Duich
 
 v.
 
 Corello,
 
 53 Ohio App., 388, 5 N. E. (2d), 339.
 

 This court held, in the case of
 
 Oxford Twp.
 
 v.
 
 Columbia,
 
 38 Ohio St., 87: “Where a party requests that the court state separately the conclusions of law and fact under the civil code, Section 280 (Section 5205, Revised Statutes) [Section 11421-2, General Code], and the request is not complied with, a judgment against such party should be reversed, unless it appear from the record that he was not prejudiced by the refusal.” (See, also,
 
 Cleveland & Toledo Rd. Co.
 
 v.
 
 Johnson & Kellog, a Partnership,
 
 10 Ohio St., 591.) This holding has been followed uniformly by this court.
 
 Cleveland Produce Co.
 
 v.
 
 Dennert,
 
 104 Ohio St., 149, 135 N. E., 531.
 

 Three questions remain:
 

 1. Is a request for such conclusions made in sufficient time, when it is filed the day following the Municipal Court’s announcement of decision?
 

 2. Does Section 11421-2, General Code, require a trial court, in passing upon motions by both parties for directed verdict at the end of all of the evidence in a case being tried to a jury, to comply with the request of a party for separate statéments of conclusions of fact and law, or is the application of this section confined to cases tried by a court without the intervention of a jury?
 

 3. Does it appear from the record in this case that
 
 *456
 
 appellants were not prejudiced by the court’s refusal?
 

 In the case of
 
 Bittmann
 
 v.
 
 Bittmann,
 
 129 Ohio St., 123, 194 N. E., 8, this court held: “A request for separate findings of fact and conclusions of law, as provided by Section 11421-2, General Code, made after submission of the case and after the trial court had announced its decision, but before the entry of judgment had been placed on the journal, is made in time.”
 

 In the course of the opinion in the
 
 Bittmcmn case,
 
 it is said at page 127: “To hold that a request for separate findings of fact and conclusions of law had to be made before the case was submitted would require both parties to the action, in order to protect their rights, to make the request, and in every case the trial court would be required to make separate findings of fact and law.”
 

 In the Municipal Court, journalization of the court’s order is a somewhat informal matter. In this case there was no entry submitted to counsel. The defendant had no opportunity to make the request before it was journalized. To require parties to make the demand for conclusions in advance would increase unnecessarily the work of the trial court. We hold that the request for conclusions made in this case on the day following the entry of the court’s judgment was in time.
 

 While this court has not passed directly upon the application of Section 11421-2, General Code, to. a situation where conclusions of fact and law are requested upon motions made by both parties to direct a verdict at the close of the evidence, it has done so inf erentially.
 

 In the ease of
 
 Buckeye State Building & Loan Co.
 
 v.
 
 Schmidt,
 
 131 Ohio St., 132, 2 N. E. (2d), 264, this court held that a motion, filed eight days after plaintiff had moved for a directed verdict and defendant had moved for judgment, asking the court for separate findings of fact and conclusions of law, in connection with the ruling on the motion for judgment,
 
 and, in the event
 
 
 *457
 

 such ruling was unfavorable reserving the right to have the case submitted to the jury, came too late, insofar as the reservation was concerned.
 

 'While that case cannot be said to be decisive of the question here presented, on account of the reservation contained in the motion and ruled upon, it does point to the recognition of the right of a party to require the court to make a finding of fact and conclusions of law when passing upon a motion for judgment or to direct a verdict at the close of all the evidence. That case did not attempt to overrule or limit the case of
 
 Bittmann
 
 v.
 
 Bittmann, supra.
 

 In the case of
 
 First National Bank
 
 v.
 
 Hayes & Sons,
 
 64 Ohio St., 100, 59 N. E., 893, this court held: “Where, at the conclusion of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties thereby clothe the court with the functions of a jury # * In the course of the opinion in that case, it was said, at page 102: “The question seems new in this state * * *. But it seems conformable to reason that where it is done, each party must have intended to submit the case to the court for its finding
 
 upon the facts
 
 as well as the law * *
 
 *.”
 
 (Italics ours.) In the opinion, the case
 
 of Beuttell
 
 v.
 
 Magone,
 
 157 U. S., 154, 39 L. Ed., 654, 15 S. Ct., 566, was cited and quoted from, as follows: * ‘ This was necessarily a request that the court find the facts, and the parties are therefore concluded by the findings made by the court, upon which the resulting verdict was given.”
 

 Although the Supreme Court of the United States held in the case of
 
 Beutell
 
 v.
 
 Magone, supra,
 
 that a request made by each party to instruct the jury did not clothe a federal court with the functions of the jury, yet it held that it did amount to a request to the court to find the facts, from which finding the instruction to the jury followed. This is a difference of form rather than of substance. See, also,
 
 Strangward
 
 v.
 
 American
 
 
 *458
 

 Brass Bedstead Co.,
 
 82 Ohio St., 121, 91 N. E., 988, and
 
 Perkins
 
 v.
 
 County Commrs. of Putnam County,
 
 88 Ohio St., 495, 103 N. E., 377.
 

 It is strongly contended by appellants that there was no trial of facts by the court within the meaning of Section 11421-2, General Code. Yet, the record clearly shows that the trial court found the facts in favor of plaintiffs and against the defendant, and rendered final judgment accordingly.
 

 Appellants rely upon the following language, to be found in the opinion in the case of
 
 McHenry
 
 v.
 
 Old Citizens’ Natl. Bank of Zanesville,
 
 85 Ohio St., 203, 207, 97 N. E., 395, 38 L. R. A. (N. S.), 427: “The motion of each party for an instructed verdict necessarily involved a concession that, as the case then stood, there remained but a question of law to be determined by the court
 
 upon a consideration of the controlling facts shown by the record, with the legitimate inferences to be drawn therefrom,
 
 and the application thereto of the proper rules of law.” (Italics ours.) Appellants have not given sufficient consideration to that part of the foregoing quotation which we have caused to be printed in italics.
 

 Appellants contend “the trial court is not faced with the necessity of trying facts but was simply faced with the problem of applying rules of law to the facts
 
 as admitted by both parties when each of them made that admission by asking for a directed verdict.”
 
 (Italics ours.) While this argument might have some force were we dealing simply with a motion to direct a verdict at the close of plaintiff’s evidence, it has none where the motions are made at the close of all the evidence.
 

 In the case of
 
 Industrial Commission
 
 v.
 
 Carden,
 
 129 Ohio St., 344, 195 N. E., 551, this court held, in the third paragraph of the syllabus: “Where, at the close of all the testimony, both parties to the litigation move for an instructed verdict, the ‘most favorable light’ rule
 
 *459
 
 disappears and the trial court must consider the testimony of each side for just what it is worth.”
 

 Where the parties make such motions at the close of all the evidence, they thereby clothe the court with the functions of the jury. It must be borne in mind that a conclusion of fact which finds there is no evidence or insufficient evidence is still a finding or conclusion of fact to which a conclusion of law will be applied. The parties instead of admitting the facts, are saying that the evidence offered by the opposite side does not prove facts sufficient for the case to be submitted to a jury.
 

 In the case of
 
 Lockwood
 
 v.
 
 Krum, Admr.,
 
 34 Ohio St., 1, this court held: “Where a court, upon the trial of questions of fact, states its conclusions of fact separately from its conclusions of law, it is not necessary to the right of a party to have the decision reviewed on questions of law arising upon the facts found, that he should have made a motion for a new trial.” In 39 Ohio Jurisprudence, 1199, it is said: “The chief purpose of a finding of fact is to avoid a long bill of exceptions.”
 

 It is, therefore, our holding that when a timely request is made for conclusions of fact and law in respect of motions for judgment or to direct a verdict made by both parties, where no reservation of right to go to the jury thereafter is made, it is the duty of the court to make such conclusions, and the refusal to do so is prejudicial error.
 

 The third question above propounded may be answered in the language of the opinion at page 155 of
 
 Cleveland Produce Co.
 
 v.
 
 Dennert, supra,
 
 as follows: “We are of the opinion, however, that Section 11470, General Code [now Section 11421-2, General Code], does confer a substantial right and that a denial of that right constitutes such error as should cause this eoifrt to reverse the judgment, unless it can be determined by this court without weighing the evidence that plaintiff in error has not been prejudiced. Any other
 
 *460
 
 view of this section would render its provisions a dead letter. ’ ’
 

 As it does not appear from the record that defendant was not prejudiced by the refusal of the trial court to make the conclusions of fact and law requested, the judgment of the Court of Appeals should be and is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Matthias, and Hart, JJ., concur.
 

 Day, J., concurs in the syllabus, but dissents from the judgment.