IN RE ESTATE OF HARMON.*

*Reporter's Note: At the time this opinion was rendered, the court was aware of the decision in In re Estate of Hughes, 84 Ohio App., 275, 85 N. E. (2d), 583, but no motion to certify on grounds of conflict was filed.

(No. 4457—Decided March 27, 1950.)

Mr. George R. Effler, for appellant, applicant.
Mr. Leroy C. Lancer and Mr. Robert J. Meffley, for appellee, administrator.

Fess, J. This is an appeal on questions of law from an order of the Probate Court entered January 17, 1950, denying an application of appellant, Jessie M. Haag, to probate a lost will of Samuel L. Harmon, deceased, and dismissing the proceedings thereon.

On January 5, 1950, applicant requested the court in writing for conclusions of fact found separately from conclusions of law. To such request, applicant appended two interrogatories pertinent to the issues. Among errors assigned is one to the action of the court in overruling the request.

If otherwise in order, the request was timely made. Bittmann v. Bittmann, 129 Ohio St., 123, 194 N. E., 8; Levick v. Bonnell, 137 Ohio St., 453, 30 N. E. (2d), 808.

The attachment of interrogatories involving probative facts from which the ultimate facts can be inferred as a matter of law is proper. Cleveland Produce Co. v. Dennert, 104 Ohio St., 149, 135 N. E., 531.

It is contended, however, that Section 11421-2, General Code, does not apply to a proceeding in the Probate Court to admit a lost will to probate.

Section 10501-22, General Code, enacted in 1932 and amended in 1941, provides:

"In the exercise of jurisdiction the probate judge shall have the powers, perform the duties, and be governed by the rules and regulations provided by law for the courts of common pleas and the judges thereof in vacation, so far as they are consistent with laws in force. The provisions of law governing civil proceedings in the Court of Common Pleas, so far as applicable, shall govern like proceedings in the Probate Court when there is no provision on the subject in this act.

"Unless it is expressly otherwise provided by law, in all actions or proceedings had in the Probate Court, whether ex parte or adverse in character, the court may award and tax costs, and apportion them between the parties, on the same or adverse sides, as it adjudges to be right and equitable."

The first and second sentences of the first paragraph of Section 10501-22 combined former Sections 10499 and 11212, General Code, respectively, without change.

When probate courts were re-established pursuant to the Constitution of 1851, in the act of February 25, 1852 (50 Ohio Laws, 84), defining the jurisdiction and relating to the practice of probate courts, the General Assembly made no attempt to incorporate separate rules of procedure for the Probate Court. Section 15 of the act provided merely that probate judges should be governed by the laws then in force upon the subjects to which they related until otherwise provided by law. Section 58 of the act of March 14, 1853 (51 Ohio Laws, 178), provided that in the exercise of jurisdiction the probate judge should be governed by the same rules and regulations as were provided by law for common pleas courts. The provisions of section 58 of the 1853 act were carried, without substantial change, as Section 537, Revised Statutes, and later as Section 10499, General Code. That act became effec-

tive July 1, 1853, at the same time the Code of Civil Procedure became effective.

The second sentence in Section 10501-22, General Code, had its origin in Section 12 of Chapter 7, Title II, Procedure in the Probate Court, in the Act of May 7, 1878 (75 Ohio Laws, 959), and became Section 6411, Revised Statutes, and later Section 11212, General Code.

The legislative history of the first paragraph of Section 10501-22, General Code, indicates that the General Assembly avoided encumbering the Probate Code with special rules of procedure and thereby prevented confusion which might arise from different methods of procedure in the Probate Court. It was provided merely that the familiar procedure of the Common Pleas Court should apply where no particular procedure was delineated for the Probate Court in the Probate Code. So far as they may be applicable, the provisions governing civil proceedings in the Common Pleas Court govern proceedings in the Probate Court in the absence of any particular procedural provision in the Probate Code. Section 58 of the Act of 1853 employed the word, "same," three times—"same powers," "same duties" and "same rules and regulations" as provided by law for the Court of Common Pleas. The phrase, "like proceedings," as used in the second sentence of Section 10501-22, General Code, is not limited to proceedings of like *character* in the Common Pleas Court. The word, "like," refers to "civil proceedings in the Court of Common Pleas."

This conclusion is supported by the following observations of the Supreme Court in *Railroad Co.* v. *O'Hara* (1891); 48 Ohio St., 343, 356:

"No express provision on the subject is to be found in the procedure provided by statute for the Probate Court; indeed the special rules of procedure provided

for this court are quite limited, because, by Section 6411, Revised Statutes, all the provisions of law governing civil proceedings in the Court of Common Pleas, are made applicable to the Probate Court, where there is no special provision on the subject applicable to that court. Again it is provided in Section 537, Revised Statutes, that the probate judge shall, in the exercise of the jurisdiction conferred on his court, have the same powers and be governed by the same regulations as are provided by law for the courts of common pleas * *.*.

"* * * it can hardly be supposed that the Legislature would have conferred a power of this kind (to empanel a jury), without making some provision for its exercise; and no special provision was made for empaneling a jury, for the reason, doubtless, that, in its view, ample provision therefor was to be found in the provisions for the Common Pleas, made applicable, as above shown, to the Probate Court."

In *Kittredge* v. *Miller* (1896), 12 C. C., 128, 5 C. D., 391, the court construed Section 6411, Revised Statutes, as making Section 5205, Revised Statutes (predecessor of Section 11421-2, General Code), applicable to proceedings in the Probate Court incident to the determination of a claim for counsel fees.

We now proceed to inquire whether the provisions of Section 11421-2, General Code, are applicable to proceedings to probate a lost will.

Section 10501-22, General Code, appears in that portion of the Probate Code dealing with the subject of jurisdiction and procedure. Section 10501-32, General Code, provides that, unless otherwise provided by law, all questions of fact shall be determined by the probate judge, unless, in his discretion, he orders them to be tried by a jury or referred. Section 10504-36, General Code, provides for an application to the court to admit

to probate a lost will. Section 10504-37, General Code, provides that the probate judge shall examine the witnesses and reduce their testimony to writing. Section 10504-38, General Code, provides that, if upon the proof the court is satisfied that the will was executed in the mode provided by law, that its contents are substantially proved, that it was unrevoked, and that it was lost, etc., such court shall find and establish the contents of the will as near as can be ascertained and cause them and the testimony taken in the cause to be recorded in the court. It will thus be noted that the proceedings contemplate the determination of a question of fact by the probate judge.

The function of a request for conclusions is "with a view of excepting to the court's decision on questions of law involved in the trial," primarily to determine whether such conclusions of fact support or warrant the conclusions of law drawn from such facts. A secondary function is to avoid the necessity of a transcript of the evidence in the record on appeal unless the party appealing desires to attack one or more of the findings as unsupported by the evidence. The right to require a court to comply with the request is limited to cases where "questions of fact are tried by the court." *Levick* v. *Bonnell,* 137 Ohio St., 453, 30 N. E. (2d), 808. In cases tried to a jury, provision is made for special verdicts and answers to interrogatories.

Counsel as well as the courts frequently overlook the function of findings by a court upon appellate review. When findings are made, the reviewing court is not ordinarily required to review the evidence but merely determines whether the conclusions of law are consistent with and supported by the conclusions of fact. A party appealing, however, may assign as error that one or more of the conclusions of fact are con-

trary to or not supported by the evidence. In passing upon such assignments of error, the appellate court reviews the evidence.

Our review of that portion of the Probate Code reveals no provision inconsistent with proceedings in the Common Pleas Court. The admission of a lost will to probate involves the determination of a question of fact without a jury and the provisions of Section 11421-2, General Code, are applicable.

Since the applicant was entitled to have her request granted, the denial thereof was prejudicial. Although this court could review the entire record in this case, since a bill of exceptions is on file (*In re Zimmerman,* 78 Ohio App., 297, 70 N. E. [2d], 153), it is not required to do so. Should this court undertake to do so and find that the judgment was manifestly against the weight of the evidence, such error could not be reviewed by the Supreme Court. However, the Supreme Court would consider whether the evidence attains to that higher degree of probative value to constitute clear and convincing proof. *Cole* v. *McClure,* 88 Ohio St., 1, 102 N. E., 264. The denial of the request thereby affected a substantial right.

The order of the Probate Court is therefore reversed and the cause remanded for further proceedings.

Cf. *Shunk* v. *Shunk Mfg. Co.,* 86 Ohio App., 467.

*Judgment reversed.*

CONN and CARPENTER, JJ., concur.