WARD, APPELLEE, *v.* WARD; BACOME, APPELLANT.

(No. 4498—Decided December 26, 1950.)

*Mr. Harold T. Hanley,* for appellee.
*Mr. Marion W. Bacome,* for appellant.

CARPENTER, J. This is an action for divorce and alimony. From the record it appears that on April 30, 1947, after a hearing on the merits, a divorce, alimony, and the right to occupy the premises of the defendant were granted the plaintiff, and, among other things, defendant was ''enjoined from selling, mortgaging or in any way encumbering or alienating any right, title or interest which he may have in said premises.'' Marion W. Bacome is the attorney for the defendant in this action.

On July 29, 1947, plaintiff, by her attorney, filed a motion herein in which she alleged that Bacome, in another action entitled *Marion W. Bacome* v. *Henry A. Ward* had taken a judgment against this defendant for $170 on a cognovit note and had levied an execution on the property occupied as a home by this plaintiff and was proceeding to foreclose the lien of that judgment, and the motion asked that Marion W. Bacome be enjoined from further proceeding in that action and that his judgment lien on that property be vacated. On May 13, 1950, a journal entry was filed herein which recites that on September 17, 1947, this cause came on to be heard upon plaintiff's motion which the court granted and allowed the injunction prayed for.

On September 17, 1947, Marion W. Bacome, under authority of Section 11421-2, General Code, moved the court for separate conclusions of fact and law. In the same journal entry of May 13, 1950, that motion was overruled by the court ''on the grounds that no question of fact was determined by the court.'' From the court's order of May 13, 1950, Marion W. Bacome filed this appeal on questions of law.

Plaintiff has moved to dismiss this appeal for the reason that Marion W. Bacome is not a party to this action.

True, he is not a party, but this plaintiff, by her mo-

tion and by taking an order thereon, is estopped from saying he is not a party. If she wanted to enjoin him, as she did, she should have made him a party. Her procedure is as irregular as his and was the beginning of this comedy of errors. She has produced a situation of which she can not now be heard to complain, and her motion to dismiss the appeal will be overruled.

The injunction could not have issued without the determination of a question of fact upon which the relief was granted. The motion itself was based upon allegations of facts which were not positively verified by affidavit or otherwise. Upon such motion the court could not take judicial notice of the action of *Marion W. Bacome* v. *Henry A. Ward* and what had been done therein (*Burke, Exrx.,* v. *McKee,* 30 Ohio App., 236, 164 N. E., 776) even though the trial judge may have presided in the other case. *Myers* v. *State,* 46 Ohio St., 473, 22 N. E., 43, 15 Am. St. Rep., 638. If the injunction was issued without evidence, that was error. If the injunction was issued upon the taking of testimony, an agreed statement of facts, or admissions of counsel, a fact question was determined, and, under Section 11421-2, General Code, the request for conclusions of fact found separately from conclusions of law was timely made and the failure of the court to so state them was error. *Bittmann* v. *Bittmann,* 129 Ohio St., 123, 194 N. E., 8.

The order granting the injunction is reversed and the cause remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

Conn and Fess, JJ., concur.