Capri Windows, Inc., Appellant, *v.* Prade et al., Appellees.

(No. 5189—Decided June 13, 1962.)

*Mr. Leonard P. Gilbert,* for appellant.
*Mr. Alexander Russell,* for appellees.

Stevens, P. J.   This is an appeal on questions of law from a judgment of the Municipal Court of Akron, Ohio.

The petition filed in the Municipal Court of Akron by plaintiff was for money only, on an account in the amount of $558.27.

After the pleadings were all filed, the matter came on to be heard by the court; and on July 7, 1961, the court made the following entry on the half sheet: ''McRae—7/7/61—Trial had— Judgment for defendants.''

On July 21,.1961, at 9:30 a. m., a written motion for separate conclusions of fact and conclusions of law was filed by plaintiff, in accord with Section 2315.22, Revised Code.

On July 21, 1961, at 2:59 p. m., a journal entry as follows was filed with the clerk of said court for journalization:

''This cause coming on for further hearing on the 7th day of July, 1961, was submitted to the court upon the petition of the plaintiff, the answer of the defendants, the reply of the plaintiff, and other pleadings.   The court upon consideration of the pleadings and the evidence finds upon the issues joined for the defendants.

''It is therefore considered by the court that judgment be rendered herein in favor of the defendants and against the plaintiff and that the plaintiff pay the costs of this proceeding.''

The amount involved ($558.27) constituted this a first class

case under the provisions of Rule 2 of the Municipal Court of Akron.

Rule 6 of said rules, in effect at the time of the journalization of the judgment herein, provided:

"In all first class cases the provisions of the Ohio Code of Civil Procedure governing the practice and procedure of Courts of Common Pleas, so far as the same are applicable to the Municipal Court and consistent with the Act of June 13, 1951, establishing the Municipal Court and not inconsistent with the rules otherwise adopted for the practice and procedure of the Municipal Court, shall be held to apply to govern the proceedings in the Municipal Court. In second class cases the provisions of the Ohio Code governing the practice and procedure in the Court of Justices of the Peace, so far as the same may be applicable to the Municipal Court and consistent with the Act creating the same and not inconsistent with the rules otherwise adopted, shall be held to apply to and govern the proceedings in the Municipal Court. Trial procedure shall be governed by the Ohio General Code regardless of classification of cases."

The judgment herein was entered on July 21, 1961, at 2:59 p. m.

Accordingly, the motion for separate conclusions of fact and conclusions of law was seasonably filed, and the filing thereof placed a mandatory duty upon the court of compliance therewith. Section 1901.21, Revised Code; Section 2315.22, Revised Code.

The court, having failed to state its separate conclusions of fact and conclusions of law as requested, committed prejudicial error, for which the judgment herein must be reversed. *Levick* v. *Bonnell*, 137 Ohio St., 453; *Ward* v. *Ward*, 90 Ohio App., 108.

Judgment reversed, and cause remanded to the Municipal Court of Akron, with instructions to separately state conclusions of fact and conclusions of law, as required by Section 2315.22, Revised Code. *Shunk* v. *Shunk Mfg. Co.*, 86 Ohio App., 467.

The judgment is reversed, and the cause remanded with instructions.

*Judgment reversed.*

HUNSICKER and DOYLE, JJ., concur.