COLUMBUS CITY SCHOOLS BOARD OF EDUCATION, APPELLEE, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES; LEONARD L. GREEN BRICE ROAD, L.L.C., APPELLANT.

[Cite as *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 121 Ohio St.3d 218, 2009-Ohio-760.]

(No. 2008–0717—Submitted February 18, 2009—Decided February 26, 2009.)

**Per Curiam.**

{¶ 1} As it comes before us, this case presents a purely procedural issue. When a board of revision has decided, through a majority vote, to vacate a determination of value that it had previously certified pursuant to R.C. 5715.20, does that vote by its own force vacate the determination when it is recorded in the minutes? Or is that vote not effective until a vacating order has been certified in writing to the parties?

{¶ 2} We hold that the decision to vacate the previous determination of value becomes effective when the board votes and the results of that vote are entered on the record of the board's proceedings. Because the Board of Tax Appeals ("BTA") held the contrary, and because the record shows that the BOR did act to vacate, we reverse the order of the BTA and remand for further proceedings.

### Facts

{¶ 3} On March 24, 2006, the Columbus City Schools Board of Education ("school board") initiated these proceedings by filing a valuation complaint. That complaint asked the BOR to adopt a May 2005 sale price as the value of the property at issue for tax year 2005.

{¶ 4} On September 29, 2006, the BOR held a hearing at which the school board presented a conveyance-fee statement and deed to document its claim. On October 18, 2006, the Franklin County Board of Revision ("BOR") issued a decision that adopted a May 2005 sale price of $2,900,000 as the value of the property at issue for tax year 2005, and the BOR certified that decision to the parties pursuant to R.C. 5715.20. On November 7, 2006, the BOR voted to vacate that decision and reopen proceedings. Subsequently, on November 20, 2006—33 days after certifying the October 18 determination of value—the BOR reduced its decision to vacate to a written order and certified that order to the parties. The 30th day after October 18, 2006, was Friday, November 17, 2006; thus, the vacating order was certified *after* expiration of the 30–day appeal period following the October 18 determination of value.

{¶ 5} On June 6, 2007, the BOR held a second hearing, at which the owner, Leonard L. Green Brice Road, L.L.C. ("Green LLC"), presented evidence in support of its contentions. First, Green LLC presented testimony that the May 2005 sale was one between related parties and therefore not at arm's length. Second, Green LLC offered evidence that a later sale in December 2005 for $2,665,123 was an arm's-length sale. Third, Green LLC submitted that a

building on the property was still under construction as of January 1, 2005, but was fully constructed by December 2005.

{¶ 6} On the basis of these submissions, the BOR determined that the value for tax year 2005 should remain $660,000, while for 2006, the value of the property was $2,665,100, based on the December 2005 sale price.[1] The school board appealed the determinations to the BTA on July 27, 2007.

{¶ 7} On January 18, 2008, the BTA issued a show-cause order. The order stated that "the record suggests that the BOR certified its November 20, 2006 entry more than thirty days after its October 18, 2006 certification. If so, the BOR issued its vacating order after it had lost jurisdiction over the complaint." The BTA ordered the parties to show cause why the matter should not be remanded to the BOR so that the October 18, 2006 order could be reinstated.

{¶ 8} The school board did not respond to the show-cause order, but Green LLC did. Green LLC asserted that the BOR had "set the matter down for hearing to be conducted on November 7, 2006, at which time it voided its October 18 decision." Attached to Green LLC's memorandum was a copy of a faxed document purporting to be a record of the "2005 Board of Revision November 7, 2006 (PM Hearings)." The case at issue, BOR number 900799, is handwritten with a notation "Reopen and Reset." At the top of the page, a handwritten notation says "sent 11/20/06." Green LLC attached no affidavit or other document explaining the exhibit.

{¶ 9} On March 18, 2008, the BTA issued its decision. The BTA acknowledged that "the BOR retains jurisdiction to reconsider, modify, or alter its decision until such time as thirty days have elapsed or a notice of appeal is filed * * *." *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision* (Mar. 18, 2008), No. 2007–T–616, at 3, citing *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2000), 87 Ohio St.3d 363, 368, 721 N.E.2d 40. But in the present case, the 30–day appeal period expired before the BOR certified a vacating order to the parties. Under these circumstances, the BTA felt "constrained to find that the BOR issued its vacating order after it had lost jurisdiction over the complaint" because the "BOR, as a tribunal, is deemed to speak exclusively through its journal, i.e., its decision letters." Id. at 6, 5.

{¶ 10} Accordingly, the BTA vacated the later valuation decisions of the BOR and remanded the case to the BOR "with orders to reinstate its October 18, 2006 determination of value."

---

1. Although the original complaint pertained to tax year 2005, R.C. 5715.19(D) provides that a complaint "shall be continued by the board [of revision] as a valid complaint for any ensuing year until such complaint is finally determined."

{¶ 11} On April 10, 2008, the BTA received correspondence from the BOR dated April 2. The correspondence referred to "attached information" that had been "omitted * * * from the original transcript" forwarded by the BOR to the BTA. The only attachment was a CD that recorded a session of the BOR on November 7, 2006. At that session, the representatives of the auditor and the treasurer voted to vacate the October 18 determination of value and reopen the present case. The BTA did not issue any additional orders after receiving the supplemental transcript from the BOR.

{¶ 12} Green LLC has appealed to this court, and we now reverse.

## Analysis

{¶ 13} Under our cases, "[t]he BTA is responsible for determining factual issues and, if the record contains reliable and probative support," the court will affirm. *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14, quoting *Am. Natl. Can Co. v. Tracy* (1995), 72 Ohio St.3d 150, 152, 648 N.E.2d 483. On the other hand, the court " 'will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.' " Id., quoting *Gahanna–Jefferson Local School Dist. Bd. of Edn. v. Zaino* (2001), 93 Ohio St.3d 231, 232, 754 N.E.2d 789. This appeal calls into question the legal principles that the BTA applied in its decision.

{¶ 14} As administrative tribunals, boards of revision have " 'inherent authority to reconsider their own decisions since the power to decide in the first instance carries with it the power to reconsider,' " but such authority does not extend beyond "the actual institution of an appeal or expiration of the time for appeal." *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2000), 87 Ohio St.3d 363, 368, 721 N.E.2d 40, quoting *Hal Artz Lincoln–Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 28 OBR 83, 502 N.E.2d 590, paragraph three of the syllabus. Accord *Natl. Tube Co. v. Ayres* (1949), 152 Ohio St. 255, 40 O.O. 312, 89 N.E.2d 129, paragraph one of the syllabus ("The Board of Tax Appeals has control over its decisions until the actual institution of an appeal or the expiration of the time for an appeal").

{¶ 15} In this case, the BTA correctly stated that during the 30–day period following the certification of the October 18, 2006 determination of value, the BOR would have had jurisdiction to vacate that decision. That means that the BOR could have acted at any time through November 17, 2006 (a Friday), to vacate or modify its determination of value. The BTA held that the BOR had not acted within the period because a vacating order, in the BTA's view, does not constitute a completed act of the BOR until it is certified as a "decision letter" to the parties.

{¶ 16} In this appeal, Green LLC contends that, contrary to the BTA's holding, the BOR validly vacated the October 18 decision when it voted to do so on November 7 and that the results of that vote were noted on the BOR's minutes. After carefully reviewing the statutes, we agree.

{¶ 17} Under R.C. 5715.02, the boards of revision consist of the county treasurer, county auditor, and the president of the county commissioners, or the designated representatives of those officials. The section also states that a majority of the board constitutes a quorum to hear and determine any complaint. R.C. 5715.09 names the county auditor as secretary of the board of revision and charges the auditor with "call[ing] the board together as often as necessary during any year" as well as requiring that official to "keep an accurate record of the proceedings of the board in a book kept for the purpose." R.C. 5715.11 charges the board of revision with "hear[ing] complaints relating to the valuation or assessment of real property," and R.C. 5715.20(A) states that "[w]henever a county board of revision renders a decision on a complaint," the board "shall certify its action by certified mail to the person in whose name the property is listed or sought to be listed and to the complainant." That section also makes clear that "[a] person's time to file an appeal * * * commences with the mailing of notice of the decision to that person as provided in this section."

{¶ 18} We construe these statutes to establish that the boards of revision complete official action when they vote on matters that are properly before them and the vote is noted on the record of the board's proceedings. Indeed, by requiring the certification of certain decisions, R.C. 5715.20 implicitly acknowledges that the board of revision officially acts—and initially "renders a decision on a complaint"—through its recorded vote. Only after it has done so does R.C. 5715.20 require *the additional step* of certifying the official act through a certified mailing to the parties.

{¶ 19} As noted, when the official act of a board of revision consists of "render[ing] a decision on a complaint," R.C. 5715.20 requires the certification of that act to the parties. By contrast, neither that section nor any other requires certification of the *act of vacating* a previously certified determination of value. Unlike a decision to *modify* a previously certified determination of value, vacating the previous determination does not constitute rendering a decision on a complaint—indeed, it constitutes the very opposite: such an order holds the case open so that a decision may be reached later, after additional proceedings have been conducted.

{¶ 20} Moreover, the statutes prescribe the act of certification—the issuance of what the BTA referred to as decision letters—only with respect to a "decision on a complaint." Other actions taken by the boards of revision involve not decision letters but other methods of giving notice. See R.C. 5715.15 (board to report

omissions and corrections as to tax list to the auditor) and 5715.16 (board to revise the assessments and returns for the tax year as presented to it by the auditor). With respect to orders vacating previously certified decisions on complaints, the statutes are silent. We conclude that the language of the statutes does not require certification of a decision to vacate.

{¶ 21} Nor do we discern any need to infer such a requirement in order to effectuate the intent of the statutes. The auditor as the secretary of the board will know that the board has vacated a determination and will not put a vacated determination into effect—indeed, the statutes provide that the auditor acts upon a determination of the board of revision when that body has separately certified its action to him. R.C. 5715.14. Moreover, when the board has vacated a previously certified determination of value, the board will likely hold additional hearings (as happened in the present case). That action will require the board to notify the parties. See R.C. 5715.19(C), 5715.12, and 5715.13; *Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision,* 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 18 (board of revision's order purporting to increase value of the property was not effective, because owner had not been properly notified). And whether such additional hearings are held or not, any subsequent determination of value will itself have to be certified pursuant to R.C. 5715.20.

{¶ 22} At worst, a party who is dissatisfied with the original determination and who is unaware that the determination has been vacated might try to appeal a vacated determination to the BTA. That appeal would likely face a motion to dismiss by the county auditor, the board of revision itself, or another party. In any event, requiring the board of revision to certify a vacating order would not cure this potential problem, because both the appeal and the certification could occur as late as the last day of the appeal period.

{¶ 23} In holding that the board of revision speaks "exclusively through its journal, i.e., its decision letters," the BTA appears to confuse the board of revision's enabling statutes with the BTA's own. R.C. 5703.02 creates the BTA, and division (C) of that section requires the board to "[m]aintain a journal, which shall be open to public inspection and in which the secretary shall keep a record of all of the proceedings and the vote of each of its members upon every action taken by it." R.C. 5703.13 states that "[a]ll investigations, inquiries, hearings, and decisions of the board, and every order made by a member when approved and confirmed by the board and shown on its record of proceedings is deemed the order of the board." R.C. 5717.03(A) mandates that a "decision of the board of tax appeals * * * shall be entered of record on the journal together with the date when the order is filed with the secretary for journalization." Finally, R.C. 5717.04 provides for appeals from the BTA's decisions, and the 30–day appeal

period commences with "the entry of the decision of the board on the journal of its proceedings."

{¶ 24} Thus, the BTA statutes plainly call for the BTA to journalize entries in order to effectuate its decisions and make them appealable. By stark contrast, the statutes relating to the boards of revision do not speak of journalization; it suffices that the board of revision votes and that the auditor as secretary makes note of the event on the board of revision's record. In the case of a "decision on a complaint," R.C. 5715.20 commences the appeal period with the certification of the decision; as for an order vacating such a decision, there is no provision for appeal because such orders are interlocutory in nature.

{¶ 25} Moreover, the BTA's own statutes demonstrate the difference between journalization and certification—two acts that the BTA's decision in this case appears to conflate. As discussed, the BTA makes its decisions effective by journalizing them; separate provisions then require that those decisions be certified to specified persons. R.C. 5717.03(C), (D), and (E).

{¶ 26} Finally, the BTA relies on decisions from this court that address orders rendered by courts of record in this state. See *Bittmann v. Bittmann* (1934), 129 Ohio St. 123, 1 O.O. 435, 194 N.E. 8; *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph one of the syllabus; *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 173, 23 OBR 336, 492 N.E.2d 146, fn. 3. The proceedings of the tribunals at issue in those cases were controlled by rules and statutes that, like the BTA's enabling statutes but unlike those that create the boards of revision, require journalization of entries. See, e.g., Civ.R. 58(A) (judgment not effective until entered on the journal); Crim.R. 32(C) (same).

{¶ 27} We hold that a board of revision succeeds in vacating a previously certified decision on a complaint when it votes to do so and the auditor notes the fact on the record of its proceedings. In this case, two pieces of evidence pertain to the issue: the document attached to Green LLC's brief at the BTA and the CD that records the actual vote by the BOR. On the current record, we hold that the BOR vacated the October 18, 2006 order by the action it took on November 7, 2006. Because that act occurred within 30 days of the October 18 certification, the BOR possessed jurisdiction to effectuate its order, to hold the June 6, 2007 hearing, and to render its subsequent determinations of value.

## Conclusion

{¶ 28} For all the foregoing reasons, we reverse the decision of the BTA and remand for further proceedings.

*Decision reversed,*
*and cause remanded.*

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., dissents.

---

**LANZINGER, J., dissenting.**

{¶ 29} I would affirm the decision of the Board of Tax Appeals. The real issue is whether vacation of a previous decision—determination of value in a property valuation case filed under R.C. 5715.19—must be certified to the interested parties before becoming effective. I believe the statute says yes.

{¶ 30} R.C. 5715.20(A) states: "Whenever a county board of revision *renders a decision on a complaint* filed under section 5715.19 of the Revised Code, *it shall certify its action by certified mail to the person in whose name the property is listed or sought to be listed and to the complainant* if the complainant is not the person in whose name the property is listed or sought to be listed. A person's time to file an appeal under section 5717.01 of the Revised Code commences with the mailing of notice of the decision to that person as provided in this section. The tax commissioner's time to file an appeal under section 5717.01 of the Revised Code commences with the last mailing to a person required to be mailed notice of the decision as provided in this division." (Emphasis added.)

{¶ 31} The board's vacation of a previous determination of value appears to me to be a "decision on a complaint." Although the majority takes great pains to distinguish a decision to vacate a determination of value from other decisions, I am unconvinced that there is a distinction. R.C. 5715.20(A) plainly says that the county board of revision shall certify "a decision on a complaint" and does not say that the board shall certify only a "final decision on a complaint."

{¶ 32} Furthermore, the majority opinion states at ¶ 21: "Nor do we discern any need to infer [the requirement of certification to the parties] to effectuate the intent of the statutes. The auditor as the secretary of the board will know that the board has vacated a determination and will not put a vacated determination into effect—indeed, the statutes provide that the auditor acts upon a determination of the board of revision when that body has separately certified its action to him. R.C. 5715.14."

{¶ 33} In fact, R.C. 5715.14 provides no discretion for the auditor to fail to act when he or she has knowledge that the board has voted to vacate an earlier determination certified to the auditor. R.C. 5715.14 states: "The county board of revision shall certify its action to the county auditor, *who shall correct the tax list and duplicate according to the deductions and additions ordered by the board* in the manner provided by law for making corrections thereof. If the tax duplicate

has been delivered to the county treasurer, the auditor shall certify such corrections to the treasurer, who shall enter such corrections on his tax duplicate." (Emphasis added.)

{¶ 34} In holding that "a board of revision succeeds in vacating a previously certified decision on a complaint when it votes to do so and the auditor notes the fact on the record of its proceedings," ¶ 27, the majority opinion fails to follow a clear statute. Because R.C. 5715.20(A) provides that "a decision on a complaint" shall be certified to the interested parties to be effective, and the vacation of a previously certified decision is still a decision on a complaint, I would hold that the decision of the Board of Tax Appeals was correct. A vacating order does not constitute a completed act of the board of review until it is certified as a "decision letter" to the parties.

{¶ 35} I respectfully dissent.

---

Rich and Gillis Law Group, L.L.C., and Mark H. Gillis, for appellee Columbus City Schools Board of Education.

Wayne E. Petkovic, for appellant.