[Cite as *State v. Stevens*, 2022-Ohio-2518.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case Nos. 21CA15 |
| | | 21CA16 |
| Plaintiff-Appellee, | : | |
| | | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| Robert A. Stevens, | : | |
| Defendant-Appellant. | : | **RELEASED 7/19/2022** |

_____
APPEARANCES:

R. Jessica Manungo, Assistant State Public Defender, Office of the Ohio Public Defender, Columbus, Ohio, for appellant.

Brigham M. Anderson, Lawrence County Prosecutor, and Steven K. Nord, Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.
_____
Hess, J.

{¶1} In this consolidated appeal, Robert A. Stevens appeals from judgments of conviction entered by the Lawrence County Court of Common Pleas in Case Nos. 20-CR-460 and 21-CR-182. In Lawrence App. No. 21CA15, Stevens appeals from a judgment of conviction in Case No. 20-CR-460 for aggravated possession of drugs and improper handling of a firearm in a motor vehicle. However, Stevens does not present any assignment of error with respect to Case No. 20-CR-460. Therefore, in Lawrence App. No. 21CA15, we affirm the trial court's judgment.

{¶2} In Lawrence App. No. 21CA16, Stevens appeals from a judgment of conviction in Case No. 21-CR-182 for tampering with evidence. In his sole assignment of error, Stevens contends that the trial court erred when it denied his Crim.R. 29(A)

motion for judgment of acquittal with respect to that charge. However, there is a second charge in Case No. 21-CR-182 for escape which the trial court failed to resolve via journal entry. Because of this "hanging charge," the judgment in Case No. 21-CR-182 from which Stevens appeals is not a final appealable order. Therefore, we lack jurisdiction to address the merits of his appeal from that judgment, and we dismiss Lawrence App. No. 21CA16.

## I. PROCEDURAL HISTORY

**{¶3}** On January 27, 2021, Stevens was indicted in Case No. 20-CR-460 on one count of aggravated possession of drugs, one count of improper handling of a firearm in a motor vehicle, and one count of having weapons while under disability. Stevens pleaded not guilty to the charges. On June 1, 2021, Stevens was indicted in Case No. 21-CR-182 on one count of tampering with evidence and one count of escape. He pleaded not guilty to the charges. The trial court consolidated the cases for purposes of trial.

**{¶4}** In Case No. 20-CR-460, the state moved to enter a nolle prosequi as to the having weapons while under disability charge during trial. The trial court orally granted the motion and later memorialized that decision in an entry. The jury found Stevens guilty of aggravated possession of drugs and improper handling of a firearm in a motor vehicle. On October 18, 2021, the court issued a judgment entry sentencing Stevens on those counts. He appeals that judgment in Lawrence App. No. 21CA15.

**{¶5}** In Case No. 21-CR-182, the state moved to enter a nolle prosequi as to the escape charge shortly before the trial began, and the trial court orally granted the motion. However, the trial court did not memorialize that decision in an entry. The jury found Stevens guilty of tampering with evidence. On October 18, 2021, the court issued a judgment entry sentencing Stevens on that count. He appeals that judgment in Lawrence

App. No. 21CA16.  On Stevens's motion, we consolidated Lawrence App. Nos. 21CA15 and 21CA16 for all purposes.

## II.  ASSIGNMENT OF ERROR

{¶6}    Stevens presents one assignment of error:  "The trial court erred by denying Mr. Stevens' Criminal Rule 29 motion in the absence of sufficient evidence to support all the essential elements of a tampering with evidence charge."

## III.  LAW AND ANALYSIS

### A.  Lawrence App No. 21CA15

{¶7}    Stevens does not present any assignment of error which pertains to Case No. 20-CR-460, so we affirm the trial court's judgment in Lawrence App. No. 21CA15.

JUDGMENT AFFIRMED.

### B.  Lawrence App. No. 21CA16

{¶8}    Before we review the merits of the appeal in Lawrence App. No. 21CA16, we must determine whether we have jurisdiction to do so.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."  Ohio Constitution, Article IV, Section 3(B)(2). "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal." *Clifton v. Johnson*, 4th Dist. Pickaway No. 14CA22, 2015-Ohio-4246, ¶ 8. "In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte." *Id.* Our review of the record revealed a jurisdictional issue with respect to Lawrence App. No. 21CA16.

**{¶9}** "The General Assembly enacted R.C. 2505.02 to specify which orders are final." *State v. Cutright*, 4th Dist. Ross No. 20CA3718, 2021-Ohio-1582, ¶ 6, citing *Smith v. Chen,* 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶ 8. "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. "The Supreme Court of Ohio has * * * held that in a criminal case involving multiple counts, a final order need not contain a reiteration of those counts that were resolved on the record in other ways, such as dismissal, nolled counts, or not guilty findings." *Cutright* at ¶ 7, citing *State ex rel. Rose v. McGinty,* 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3. "But unless the charges that do not result in conviction *have been terminated by a journal entry*, the hanging charges prevent the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action by resolving the entire case." (Emphasis added) *Id.*, and cases cited therein.

**{¶10}** The entry from Case No. 21-CR-182 which Stevens appeals from in Lawrence App. No. 21CA16 does not include a disposition of the second count of the indictment, which charged Stevens with escape. Although the state moved to nolle prosequi this count shortly before the trial began, and the trial court orally granted the motion, the record does not include any separate journal entry disposing of this charge. " ' "It is axiomatic that a court speaks only through its journal entries." ' " *State v. Richards*, 4th Dist. Washington No. 20CA12, 2021-Ohio-389, ¶ 12, quoting *State v. Payton*, 4th Dist. Scioto No. 14CA3628, 2015-Ohio-1796, ¶ 7, quoting *State ex rel. Collier v. Farley*, 4th

Dist. Lawrence No. 05CA4, 2005-Ohio-4204, ¶ 18. " 'The oral announcement of a judgment or decree by the trial court binds no one.' " *In re Adoption of Gibson*, 23 Ohio St.3d 170, 173, 492 N.E.2d 146, fn. 3 (1986), quoting *Bittmann v. Bittmann*, 129 Ohio St. 123, 127, 194 N.E. 8 (1934). As a result, the escape charge is a "hanging charge" which prevents the trial court's October 18, 2021 entry in Case No. 21-CR-182 from being a final order. Therefore, we lack jurisdiction to address the merits of Stevens's appeal from that entry and dismiss Lawrence App. No. 21CA16.

APPEAL DISMISSED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED in Lawrence App. No. 21CA15 and that appellant shall pay the costs.  It is ordered that the APPEAL IS DISMISSED in Lawrence App. No. 21CA16 and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
       Michael D. Hess, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**