Stewart, J.
 

 A motion was filed in this court by appellee Ayres, auditor of Lorain county, to strike the appeal for the reason that the notice of appeal was not filed within 30 days from the date of the decision of the Board of Tax Appeals of June 22, 1948, but, on the contrary,' such notice of appeal was not filed until August 18,1948.
 

 As stated hereinbefore, the decision of the Board of Tax Appeals was entered June 22, 1948, and .was set aside when a motion for rehearing was filed by applicant within 30 days from that date.
 

 The auditor urges that there is no statutory authority for the Board of Tax Appeals to entertain motions for rehearing, and that the board had no authority upon such application to set aside its decision, and particularly so since the board again re-entered the same decision after disposing of the motion.
 

 Cases from other states are cited in support of this position, wherein decisions of boards similar to the Board of Tax Appeals were held to be final upon' entry thereof and subject to attack only by appeal. However, it has been a long established precedent in this state that boards such as the Board of Tax Appeals have control over their decisions until the actual institution of an appeal or the expiration of the time for appeal.
 
 Floyd, County Aud.,
 
 v.
 
 Manufacturers Light & Heat Co.,
 
 111 Ohio St., 57, 60, 144 N. E., 703;
 
 Zangerle, Aud.,
 
 v.
 
 State, ex rel. Gallagher,
 
 120 Ohio St., 139, 141, 165 N. E., 709;
 
 Miller, Pros. Atty.,
 
 v.
 
 Lakewood Housing Co.,
 
 125 Ohio St., 152, 153, 180 N. E., 700, 81 A. L. R., 1239;
 
 Swetland Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 139 Ohio St., 6, 37 N. E. (2d), 601;
 
 Society of the Precious Blood
 
 v.
 
 Board of Tax Appeals,
 
 149 Ohio St., 62, 77 N. E. (2d), 459.
 

 
 *263
 
 It is argued, in effect, by the auditor that the action of the board in vacating its first decision was a mere subterfuge of redating an entry for the sole purpose of making possible an appeal. As has been hereinbefore stated, the reason for vacating the decision was the extended absence of a member of the Board of Tax Appeals, depriving the board of the opportunity to give the matter proper consideration at that time. In addition, it must not be overlooked that the applicant should have the benefit of the consideration of its case by every member of the board who actively participated in the hearing.
 

 The motion to strike must be and is overruled.
 

 In view of the final order of the Board of Tax Appeals dismissing the application for remission for want of jurisdiction and in view of the further conclusion to which we have come in reference to the jurisdiction of such board, we need not discuss or decide the question whether the blast furnaces involved in this appeal are real or personal property.
 

 Much space in the briefs of the parties and much time in the arguments before this court were taken up with that question. However, since we are of the opinion that the board had jurisdiction to entertain the application for remission, regardless of the property nature of the blast furnaces, we shall limit our opinion to giving our reasons for that conclusion.
 

 With reference to a personal property tax, it is conceded that, under Sections 5609, 5609-1, 5610, 5611-1 and 5611-4, General Code, complaint must be filed with the county auditor who shall lay such complaint before the board of revision; and that when the board of revision has acted there is a right of appeal to the Board of Tax Appeals which is empowered to decide the matter upon such appeal, or an appeal may be prosecuted from a decision of the board of revision to
 
 *264
 
 the Court of Common Pleas. However, Section 5624-10, General Code, reads as follows:
 

 “The Tax Commission of Ohio [Board of Tax Appeals] may remit taxes and penalties thereon, found by it to have been illegally assessed, and such penalties as have accrued, or may accrue, in consequence of the negligence or error of an officer required to perform a duty relating to the assessment of property for taxation, or the levy or collection of taxes. It may correct an error in an assessment of property for taxation or in the tax list or duplicate of taxes in a county, but its power under this section shall not extend to taxes levied under the provisions of Subdivision 2 of Chapter 15 of Title 2, Part Second of the General Code.”
 

 This section of the Code apparently gives general power to the Board of Tax Appeals to consider the application for remission regardless of whether that application concerned a real estate or personal tax question. However, Section 5624-10 must be considered in the light of Section 1464-1, subdivision 9, General Code, which reads as follows:
 

 “The Board of Tax Appeals shall exercise the following powers and perform the following duties of the Department of Taxation: * * *
 

 “To exercise the authority provided by Section 5624-10 of the General Code relative to remitting taxes and penalties against real property found to have been illegally assessed or to have been assessed in consequence of the negligence or error of an officer required to perform a duty relating to the assessment of such property for taxation, or the levy or collection of such taxes.”
 

 It is apparent, therefore, that, in the instant case, the only tax questions of which the Board of Tax Appeals has jurisdiction, otherwise than by appeal, are those concerning real property.
 

 
 *265
 
 Did the application for remission pertain to a real estate tax? If it did not then applicant is without remedy concerning such application.
 

 The record in this case discloses that the addition by the county auditor of the alleged omitted properties to the duplicate for 1942, 1943 and 1944 was effected April 11, 1947; that the last day for the payment of realty taxes for the first half of the year 1946, without penalty, was March 31, 1947; and that no appeal by applicant to the board of revision was possible for the reason that under the provisions of Section 5609, General Code, such complaint or appeal must be filed “on or before the time limited for payment of taxes for the first half year, or at any time during which taxes are received by a county treasurer, without penalty, for the first half year. ’ ’
 

 The remedy of appeal ordinarily permitted taxpayers to the board of revision was therefore not available to applicant in the instant case.
 

 There is no controversy in this case that the only taxes which were assessed against the property of applicant were assessed by the auditor as real property taxes. The stipulation among the parties reads:
 

 “On the 11th day of April 1947, an additional assessment of real estate taxes and penalties was made by the county auditor of Lorain county and then placed on the tax list and duplicate for the year 1946 * *
 

 The sole basis for this assessment was the claim that the items of property were not included in the real estate tax assessments for the years 1942, 1943 and 1944.
 

 It is conceded by all parties that certain property with which the application was concerned consists of real estate, to wit, three sanitary buildings, two skip hoist houses, two reinforced clay houses, two brick pump houses, a brick pyrometer house and a brick substation. The three sanitary buildings are admitted by
 
 *266
 
 the auditor to have been illegally included in the assessment because they had previously been taxed, and, during the hearing, the examiner for the Board of Tax Appeals stated:
 

 “If the property was as a matter of fact taxed and put it on as omitted property, he made an error, and he concedes that, so far as the sanitary buildings are concerned, and we will have to make an order accordingly * *
 

 However, instead of making an order with reference to such admittedly real property, the board said:
 

 “It might further be observed that when this application was filed with this board it then had some vestige of right to be heard by the Board of Tax Appeals as an original matter. It then embraced complaints of assessment of certain omitted real property. All of such, however, have since been withdrawn from applicant’s complaint and the board’s consideration.”
 

 It was stated in argument that the board wa's mistaken in this statement; that at least some of the conceded real property upon which the taxes have already been paid is still on the tax duplicate with a tax charge against applicant upon it; and that no order of the board has been made as contemplated by the language of the examiner,
 
 supra.
 
 However, we do not base our opinion that the board had jurisdiction to determinue the complaints in the application for remission upon the narrow ground that some of the property with which the application was concerned is admittedly real property and that the complaints concerning it are still pending, without disposition, but we hold, in applying Section 1464-1, subdivision 9, General Code, that the authority of the Board of Tax Appeals is determined by the nature of the tax in question rather than by the nature of the property assessed as it may finally be determined. As we have stated, all the property with which this ease is concerned was placed upon
 
 *267
 
 the real estate duplicate of Lorain county and the additional assessment was for real estate taxes and penalties. The application for remission sets forth in detail the property so added and assessed and the amount by which the real property assessment has been increased. Since the facts with reference to the property and the assessment of taxes and penalties were coneededly true, the application itself was sufficient to invoke the jurisdiction of the Board of Tax Appeals, for it clearly came within the provisions of Sections 1464-1, subdivision 9 and 5624-10.
 

 Where property is added to the duplicate as real estate by a county auditor and as a result thereof the real estate property assessment of the owner of the property has been increased, the added taxes are in the nature of real estate taxes and that gives the Board of Tax Appeals original jurisdiction to hear complaints concerning such taxes, even though it subsequently may be determined that the property should not have been added because it is personal in nature.
 

 The federal district courts of the United States have original jurisdiction of any civil action arising under any act of Congress relating to patents, copyrights and trademarks. The Supreme Court of the United States has decided that if a cause of action is alleged under the patent laws of the United States, the district court has jurisdiction even though the court might decide on the merits of the controversy that there had been no violation of a patent right and that no right was. given plaintiff under the patent laws.
 

 In the case of
 
 Fair
 
 v.
 
 Kohler Dye & Specialty Co.,
 
 228 U. S., 22, 57 L. Ed., 716, 33 S. Ct., 410, Mr. Justice Holmes said:
 

 “Jurisdiction is authority to decide the case either way. Unsuccessful as well as successful suits may be brought upon the act, and a decision that a patent is bad, whether on the facts or the law, is as binding as
 
 *268
 
 one that it is good. * * * Bnt if the plaintiff really makes a substantial claim under an act of Congress there is jurisdiction whether the claim ultimately be held good or bad.”
 

 In the instant case the auditor made the claim that all the property with which the application is concerned is real estate. The property was added to the duplicate as real estate. The additional taxes and penalties were assessed as real estate taxes and penalties. The applicant filed his application to be relieved of real estate taxes and penalties which had been assessed. It is obvious, therefore, that the Board of Tax Appeals should have entertained the application for remission as one concerning taxes and penalties assessed against real property, and the decision of the board finding that it was without jurisdiction is unreasonable and unlawful.
 

 The factual questions presented by the record in this case, including the real or personal property nature of the blast furnaces with their appurtenances, are matters to be considered and decided in the first instance by the Board of Tax Appeals and, since the Board of Tax Appeals dismissed the application for remission because of alleged lack of jurisdiction, whatever the board said in rendering its decision with reference to these factual questions is mere obiter dictum. We express no opinion in regard to them.
 

 The case is remanded to the board for a hearing upon all the questions raised by the application for remission.
 

 The decision of the Board of Tax Appeals is reversed and the cause is remanded for proceedings in accordance with this opinion.
 

 Decision reversed and cause remanded.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Turner and Taft, JJ., concur.