Bell, J.
The single question presented in these appeals goes to the authority of the Board of Liquor Control to modify an order of revocation after an appeal has been taken from that order and the order affirmed.
It may be well at the outset to dispose of the case of Hotel Hollenden, Inc., v. Crouch, Dir., 171 Ohio St., 528, by pointing out its inapplicability to this situation. In that case, the court was concerned with whether the Director of Liquor Control has the authority to modify an order of the board and effectuate suspensions of certificates which the board could have suspended but did not. The fact that the director may not do so is in no way dispositive of the question of whether the board itself may modify its own order after an appeal therefrom is taken to the courts.
The Board of Liquor Control is a creature of statute; and, if it has authority to do that which plaintiffs assert it may do, that authority must be found in the statutes creating it.
Chapter • 4301, Revised Code, reposes wide powers in the board, particularly in regard to the adoption and promulgation of rules and regulations. Pursuant to that power, the board adopted regulation No. 65 pertaining to the hearing procedure when a permit holder is cited to appear before the board to show cause why his permit should not be revoked, suspended or cancelled. Section IX of that regulation provides for an application for rehearing upon written application therefor within 1,5 days after a decision by the board, for certain specified *369 causes relating to mistake or irregularity, fraud, unavoidable casualty which prevented an appeal, false testimony and newly discovered evidence.
In so limiting the grounds for rehearing, the obvious intention of the board was to make its orders final except in those enumerated cases where the denial of a rehearing would amount to a denial of justice. If there is not some point at which the power to modify ends and an order becomes final, it takes little imagination to conjure up the chaos that may result from pressures applied to administrative agencies, particularly as the personnel of those agencies changes.
This court has had occasion to consider almost the identical question in regard to other official boards or administrative agencies. In National Tube Co. v. Ayres, Aud., 152 Ohio St., 255, this court held, in the first paragraph of the syllabus, that the Board of Tax Appeals has control over its decisions until the actual institution of an appeal or the expiration of the time for an appeal.
Similarly, in Mariemont, Inc., v. Schaefer, Recorder, 171 Ohio St., 481, in discussing the authority of a Board of County Commissioners to rehear and redetermine an annexation proceeding after the courts had taken jurisdiction of a proceeding to enjoin the annexation, this court quoted with approval the following statement from State, ex rel. Maxson, v. Board of County Commissioners of Franklin County, 167 Ohio St., 458:
<<<**# fbe board had the statutory power and duty to determine, in the exercise of its sound discretion, whether annexation * * * should be granted and had continuing jurisdiction to reconsider its decision until the institution of court proceedings attacking such decision or until the expiration of the time allowed for the institution of such proceedings.’ (Emphasis supplied.) ”
In the absence of any statutory direction to the contrary, we believe that orderly judicial procedure requires the same rule in regard to orders of the Board of Liquor Control.
Plaintiffs argue that, inasmuch as the courts, on appeal, have no jurisdiction over a penalty imposed by the board (Henry’s Cafe, Inc., v. Board of Liquor Control, 170 Ohio St., 233), jurisdiction to modify must rest in the board. And we *370 concede that it does — up to the point that an appeal is taken from the imposition of the penalty or the time for appeal has expired. But we do not agree that, merely because a court has no jurisdiction to modify a penalty, the board, therefore, must have that jurisdiction ad infinitum.
Undoubtedly the General Assembly can confer on the Board of Liquor Control a continuing jurisdiction over its orders as it has done in the case of the Industrial Commission. Section 4123.52, Revised Code. But until that action is taken by the General Assembly, this court is not disposed to find in the legislative enactment something that the legislative authority has not provided for.
Therefore, the judgments of the courts below are reversed and final judgment is rendered for the defendant in each case.

Judgments reversed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Hurd and O’Neill, JJ., concur.
Hurd, J., of the Eighth Appellate District, sitting by designation in the place and stead of Herbert, J.