[Cite as *MB West Chester, L.L.C. v. Butler Cty. Bd. of Revision*, 126 Ohio St.3d 430, 2010-Ohio-3781.]

MB WEST CHESTER, L.L.C., APPELLEE, *v*. BUTLER COUNTY BOARD OF

REVISION ET AL., APPELLEES; LAKOTA LOCAL SCHOOL DISTRICT

BOARD OF EDUCATION, APPELLANT.

[Cite as *MB West Chester, L.L.C. v. Butler Cty. Bd. of Revision*,

126 Ohio St.3d 430, 2010-Ohio-3781.]

*Taxation — Board of Tax Appeals — Necessary party — Failure to serve notice*

*of appeal on a party — Jurisdiction to hear motion to vacate.*

(No. 2009-1900 — Submitted May 26, 2010 — Decided August 19, 2010.)

APPEAL from the Board of Tax Appeals, No. 2009-M-238.

_____

LUNDBERG STRATTON, J.

{¶ 1} This is an appeal from an order of the Board of Tax Appeals ("BTA") in a real property valuation case. The order denied a motion by the Lakota Local School District Board of Education that sought to vacate the decision the BTA had previously issued in the case. For the reasons that follow, we reverse the BTA's order and remand for further proceedings.

**Facts**

{¶ 2} The procedural history of this case is crucial to resolving the jurisdictional issues presented.

{¶ 3} The school board filed a valuation complaint seeking an increase in the value of three parcels owned by MB West Chester, L.L.C., for tax year 2007. The school board asserted that the parcels had a value equal to the sale price reflected on a conveyance-fee statement filed by MB West Chester, the new owner, on October 31, 2007.

{¶ 4} On January 29, 2009, the Butler County Board of Revision ("BOR") issued three "Notices of Result," one pertaining to each parcel. The

SUPREME COURT OF OHIO

allocated values add up to the sale price, $64,800,000, which is a 73 percent increase over the original aggregate valuation of the parcels.

{¶ 5} On February 13, 2009, MB West Chester filed a notice of appeal from the BOR decisions to the BTA. In its filing, MB West Chester did not use the standard form that is prescribed by the Tax Commissioner for appealing a board of revision decision. Instead, MB West Chester composed its own notice of appeal. The notice of appeal names only the BOR as appellee and fails to identify the party – the school board – that had filed the valuation complaint. The certificate of service attached to the notice of appeal reflects service solely on the BOR through two certified mailings – one to the BOR directly, the other to the prosecuting attorney as counsel for the BOR. Absent is any indication of service on the school board. Moreover, the BOR failed to provide the school board with a copy of the notice of appeal as required by R.C. 5717.01. We draw this conclusion for the reasons set forth later in this opinion.

{¶ 6} Substantively, the notice of appeal raised objections focusing on the allocation of the sale price among the parcels. The three parcels, according to the notice of appeal, all relate to a single tract of land and constitute an administrative means of effectuating an enterprise-zone agreement and certain tax-increment-financing resolutions. The notice asked that 75 percent of the value of improvements on these parcels be allocated to the parcel that was fully tax exempt under the enterprise-zone agreement.

{¶ 7} On June 12, 2009, MB West Chester and the BOR stipulated to new values for the parcels, and the BTA issued its decision on June 23, 2009, adopting those values. The values as found by the BTA totaled $51,628,210, reflecting a reduction of $13,171,790 in the value assigned to one of the three parcels that, according to MB West Chester's notice of appeal to the BTA, was subject to payments in lieu of taxes under a tax-increment-financing resolution. Because the BOR and MB West Chester stipulated to a value and the school

board was never even notified of the appeal to the BTA, no party filed an appeal from the BTA decision.

{¶ 8} On August 7, 2009, the BOR mailed notices of the BTA's decision to adopt the stipulated values for the parcels. Those mailings were the first notice to the school board that MB West Chester had appealed the BOR's determination of value. However, by the time the school board received the notice, more than 30 days had passed since the BTA had journalized its June 23, 2009 decision.

{¶ 9} On September 4, 2009, the school board filed a motion before the BTA seeking to vacate the BTA's order approving the stipulation of value. The motion states that "[i]t is undisputed that the Board of Education was never notified of the notice of appeal [to the BTA] by the Butler County Board of Revision." The motion also states that the receipt of the BOR's new statement of values during the week of August 17, 2009, was the first notice to the school board that the BTA appeal had been filed. Arguing that it had a statutory right to be named an appellee on appeal and to be notified by the BOR of the appeal, the school board asked that it be made a party to the BTA appeal and that the June 23, 2009 decision be vacated.

{¶ 10} In its memorandum opposing the motion, MB West Chester did not take issue with the assertion that the school board had not been notified of the appeal. Instead, MB West Chester contended that the school board was not an automatic or necessary party to its appeal from the BOR decisions – even though the school board was the complainant before the BOR. Additionally, MB West Chester argued that because the 30-day period for appealing the June 23, 2009 BTA decision had expired, the BTA had no jurisdiction to entertain the school board's motion to vacate.

{¶ 11} On September 22, 2009, the BTA issued an order denying the school board's motion on the grounds that it lacked jurisdiction to vacate the

earlier decision because the appeal period had expired. The school board has appealed to the court, and we now reverse.

## Analysis

*The BTA's September 22 order was final and appealable*

{¶ 12} We first address a threshold jurisdictional issue. Although none of the parties raised this issue, we have an independent duty to ensure that we have jurisdiction over this appeal. Instead of appealing the June 23 decision of the BTA that assigned value to the three parcels at issue, the school board has appealed the September 22 order denying its motion to vacate. R.C. 5717.04 provides for judicial review of BTA decisions "determining appeals from decisions of county boards of revision." We must decide whether the school board had the right to appeal the September 22 decision, which denied its motion to vacate, given that the time for appealing the BTA's June 22 decision had expired.

{¶ 13} In *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 5, the court clarified that R.C. 2505.02's definition of a final order applies to BTA appeals. Accordingly, the question presented is whether the order from which the school board appeals is one that "affects a substantial right made in a special proceeding." Id.; R.C. 2505.02(B)(2).

{¶ 14} The order in this case is appealable for the two reasons set forth in *Southside*. First, a "substantial right" is a "right that * * * a statute * * * entitles a person to enforce or protect." R.C. 2505.02(A)(1). In the present case, the statutes confer on the school board the right to seek an increase in value of property within the county and to defend an increase on appeal. The BTA's denial of the school board's motion to vacate affected a substantial right of the school board because it prevented the school board from defending the increase in valuation of the property on appeal. Second, the order affects a substantial right

4

because it "qualifies as an order that 'if not immediately appealable, would foreclose appropriate relief in the future.' " *Southside*, ¶ 7, quoting *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181. That maxim plainly applies to the BTA's denial of the school board's motion, because the denial deprived the school board of a legal remedy for obtaining a change in the valuation of the property.

{¶ 15} Because the September 22 order denying the school board's motion to vacate affects a substantial right in a special proceeding, it is a final, appealable order.

*The BTA had jurisdiction to consider and grant*

*the school board's motion to vacate*

{¶ 16} Having determined that the order by which the BTA denied the school board's motion to vacate constituted a final, appealable order, we now turn to the jurisdictional ground on which the BTA denied the school board's motion. The BTA noted that the school board had filed its motion more than 30 days after the BTA certified the June 23 decision. See R.C. 5717.04, fifth paragraph ("Such appeals shall be taken within thirty days after the date of the entry of the decision of the board [of tax appeals] on the journal of its proceedings"). The BTA found that it has authority to reconsider a decision only "until a timely appeal is taken or the time period for instituting such appeal has passed." *MB West Chester, L.L.C. v. Butler Cty. Bd. of Revision* (Sept. 22, 2009), BTA No. 2009-M-238, at 2, citing *State ex rel. Borsuk v. Cleveland* (1972), 28 Ohio St.2d 224, 57 O.O.2d 464, 277 N.E.2d 419, paragraph one of the syllabus. The BTA also cited *Lutz v. Evatt* (1945), 144 Ohio St. 635, 636, 30 O.O. 223, 60 N.E.2d 473, for the proposition that "once the thirty-day period for filing a notice of appeal had expired, the Board of Tax Appeals was without authority to vacate an earlier decision and to refile another decision so that an appeal might be filed." *MB West Chester* at 2.

On that basis, the BTA found that it lacked jurisdiction to consider the motion to vacate and therefore denied it.

{¶ 17} We disagree with the BTA's application of *Lutz*. An administrative tribunal generally loses jurisdiction to vacate or modify a decision when the period for appealing the decision expires and no appeal has been instituted. But we note that the BTA's analysis overlooked one crucial aspect of *Lutz*.

{¶ 18} In *Lutz*, the BTA confronted a motion that presented a twofold request: the taxpayer wanted the BTA to vacate the entry of its decision and then "re-file the same and notify him [thereof] by registered mail so that he might have the opportunity of appealing the same to the Supreme Court of Ohio." (Brackets sic.) *Lutz*, 144 Ohio St. at 635, 30 O.O. 223, 60 N.E.2d 473. In affirming the BTA's denial of the motion, the court relied on two circumstances. First, the court found that the copy of the board's entry had been "sent to the appellant's then attorney of record by registered mail" on the day following entry of the BTA's decision and thereby concluded that notice of the BTA decision had been provided in accordance with the statute. Id. at 636. Second, "no appeal having been taken from the board's entry or decision * * * within thirty days from its filing * * *, the board was without power or authority * * * to vacate such decision and refile it in order to confer the right of appeal contrary to statute." Id. Accord *Natl. Tube Co. v. Ayres* (1949), 152 Ohio St. 255, 40 O.O. 312, 89 N.E.2d 129, paragraph one of the syllabus ("The Board of Tax Appeals has control over its decisions until the actual institution of an appeal or the expiration of the time for an appeal"); *Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision*, 124 Ohio St.3d 349, 2010-Ohio-249, 922 N.E.2d 209, ¶ 25 (same is true of boards of revision).

{¶ 19} Conspicuous by its absence from the BTA's order in this case is any reference to the failure to notify the school board of the BTA's June 23

decision. Yet on June 23, 2009, R.C. 5717.03(B) specifically required the BTA to certify its decision by certified mail to "all persons who were parties to the appeal before the board."[1]  150 Ohio Laws, Part II, 1895-1896.  Although the school board had not appeared and participated in the BTA proceedings, the BTA's own rule conditioned the requirement of a formal appearance on the school board's receipt of notice of the appeal from the BOR – an event that in this case never occurred.  Ohio Adm.Code 5717-1-03(B) ("Any party before the board of revision, who desires to participate in an appeal before the board of tax appeals as an appellee, shall enter an appearance with the board of tax appeals *within thirty days of the mailing of notice of such appeal by the board of revision*" [emphasis added]).  Generally, the BTA is entitled to rely on a certification from the board of revision that all parties have been notified of the appeal.  But when it is later shown that the board of revision did not in fact notify the party, the lack of notice from the BTA of its decision compounds the deprivation of the party's hearing rights.  Under these circumstances, the party's failure to appear at the BTA did not waive its rights as a statutory party, and the school board thereby retained its right to receive notice of the BTA's decision pursuant to R.C. 5717.03(B).

{¶ 20} MB West Chester advances an additional argument that the school board does not constitute a necessary and indispensable party to the BTA appeal. In this regard, MB West Chester does not deny that the auditor had a duty to notify the school board; instead, MB West Chester maintains that the BOR adequately represented the interests of governmental entities in the case, including the school board itself.

{¶ 21} We disagree.  The school board expended its own resources in bringing the valuation complaint, and the General Assembly specifically required that it be notified of an appeal.  While the caselaw supports the proposition that

---

1. By statutory amendment effective October 2009, the BTA is no longer required to "certify" using certified mail.  2009 Sub.H.B. No. 1.

the owner possesses a more fundamental *constitutional* right of due process in regard to property valuation, the school board plainly possesses a *statutory* right to be heard in the context of valuation appeals. Nor do any of the cases on which MB West Chester relies preclude a school board from defending an appeal at the BTA when the school board was the complainant and the taxpayer is appealing from an increase ordered by the board of revision.

{¶ 22} Having determined that the BTA was obliged by statute to certify its decision to the school board, we turn to whether that in fact occurred. Although the record does not directly establish the fact, three reasons lead us to conclude that the BTA did not certify its June 23 decision to the school board.

{¶ 23} First, the school board has repeatedly asserted that the first notice it received that MB West Chester had appealed to the BTA was the August 2009 order of the BOR effectuating the BTA decision, and MB West Chester has never contested that assertion. Second, at oral argument, MB West Chester's counsel repeatedly admitted that the school board had not been notified of the BTA decision. Third, the BOR failed to notify the school board of the filing of the appeal at the outset, and that omission set in motion a chain of events that led to the BTA's failure to certify its decision to the school board. Because the BOR failed to notify the school board, the BTA was induced into believing that the school board had waived its right to participate and to receive notification of the BTA's decision.

{¶ 24} The failure to give the school board notice — both the BOR's failure to notify the school board of the appeal and the BTA's failure to notify the school board of its decision — materially distinguishes the present case from *Lutz*. Because the school board did not receive notice of the filing of the appeal or of the BTA decision, the running of the appeal period does not operate to extinguish the school board's right to participate, nor does the BTA lose jurisdiction to vindicate that right. That is so because, under *Lutz* and similar

8

cases addressing the authority of administrative agencies, the jurisdictional significance of the expiration of the appeal period is that the parties to the appeal have been notified of the agency's decision and have waived any claim of error by not appealing or otherwise objecting. However, when a statutory party has been unlawfully deprived of notice of both the BTA proceedings and the BTA decision, that party has not waived its right to participate, and the BTA has not lost jurisdiction to vindicate it.

{¶ 25} Our decision in *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (1999), 87 Ohio St.3d 363, 721 N.E.2d 40, does not dictate a contrary result. It is true that in *Cincinnati School Dist.*, we held that a board of revision did not have jurisdiction to vacate an earlier void decision under circumstances similar to those of the present case. But we cannot apply the doctrine of that case here because of our intervening decision in *Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision*, 96 Ohio St.3d 165, 2002-Ohio-4033, 772 N.E.2d 1160. *Cleveland Elec. Illum. Co.* modified the outcome of the situation presented in *Cincinnati School Dist.* Because the board of revision in *Cincinnati School Dist.* failed to certify its decision to the owner, the period for appealing from that decision would never have begun to run under *Cleveland Elec. Illum. Co.* As a result, the jurisdictional bar we recognized in *Cincinnati School Dist.* would not arise again because, under *Cleveland Elec. Illum. Co.*, the appeal period would never have begun to run.

*The BTA's June 23 decision should be vacated because the school board was never notified of MB West Chester's appeal*

{¶ 26} R.C. 5717.01 explicitly states that when an appeal is filed from a board of revision decision to the BTA, the board of revision "shall by certified mail notify all persons thereof who were parties to the proceeding before such county board of revision, and shall file proof of such notice with the board of tax appeals." The school board premised its motion below on the assertion that the

required notice had not been given and argued that as a result, the BTA's June 23 decision was a nullity. We agree.

**{¶ 27}** In *Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, the board of revision sent notification to the owner that the school board had filed a complaint, and later mailed notice of a hearing in the case. Both times the board of revision used an incorrect address that was not the current address of the owner that had been given to the auditor. The owner did not appear at the hearing, and the board of revision ordered an increase in value.

**{¶ 28}** When the board of revision finally certified its decision to the correct address, the owner appealed to the BTA. The BTA rejected the owner's jurisdictional arguments and affirmed the board of revision's adoption of an arm's-length sale price as the value of the property.

**{¶ 29}** On appeal, this court reversed and remanded. Of particular importance for the present case is our holding that the failure to give proper notice of the hearing to the owner "rendered the BOR's decision a nullity." Id. at ¶ 22. In so holding, we relied on our discussion in *Cincinnati School Dist. Bd. of Edn.*, 87 Ohio St.3d at 366-367, 721 N.E.2d 40. We remanded for the giving of proper notice and a new hearing. *Knickerbocker Properties* at ¶ 24. Accord *Gasper Twp. Bd. of Trustees v. Preble Cty. Budget Comm.*, 119 Ohio St.3d 166, 2008-Ohio-3322, 893 N.E.2d 136, ¶ 15 (vacating BTA decision and remanding so that proper notice could be given and a new evidentiary hearing held).[2] Of similar import are cases that address the lack of service in civil cases: a "trial court is without jurisdiction to render judgment or to make findings against a person who

---

2. MB West Chester's attempted reliance on *Gasper Twp.* is unavailing, because that case supports the school board's contention that the lack of statutorily required notice to the parties deprives the tribunal of jurisdiction to hold a hearing. Contrary to MB West Chester's suggestion, our resolution of the other main issue in that case – whether the mailing of the notice of appeal by the township properly initiated the appeal – has no bearing on the issues in this case.

was not served summons, did not appear, and was not a party in the court proceedings." *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 553 N.E.2d 650, paragraph one of the syllabus.

{¶ 30} The present case does differ from *Knickerbocker* in one respect. In *Knickerbocker*, the record before us showed what actions the board of revision had taken, and that record permitted us to determine the owner's proper address. By contrast, the present case lacks a full record of the BTA and BOR proceedings. Missing, among other things, is the form DTE 3 prescribed by the Tax Commissioner for boards of revision to submit to the BTA when they transmit the administrative transcript. On that form, the auditor, as secretary of the board of revision, certifies that the board of revision has received a copy of the notice of appeal and that "all parties have been notified by certified mail." That statement typically assures the BTA that the board of revision has satisfied the notification requirement of R.C. 5717.01.

{¶ 31} The absence of that form is significant, because ordinarily the certification on Form DTE 3 would raise a presumption that the parties had been properly notified of the appeal. Under those circumstances, a movant in the school board's position would have to shoulder the burden of proving that the auditor had misrepresented the notification.

{¶ 32} That issue does not arise under the present circumstances for three reasons. First, MB West Chester itself failed to name the school board when it filed its notice of appeal, an omission that clearly contravenes Ohio Adm.Code 5717-1-04(B) and (E). Those provisions require (i) the naming of appellees on a notice of appeal to the BTA and (ii) the use of the form prescribed by the Tax Commissioner for appealing a board of revision's decision — a form that itself calls for naming appellees as well as for naming the party that filed the valuation complaint. Had MB West Chester complied with the administrative rule, the school board's role would have been immediately evident. And while pursuant to

*Knickerbocker*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 10, 14, the formal insufficiency of MB West Chester's notice of appeal did not by itself deprive the BTA of jurisdiction, the notice's failure to identify the school board set in motion the eventual failure of the BOR and the BTA to notify the school board.

{¶ 33} Second, in opposing the school board's motion at the BTA, MB West Chester never asserted that the BOR *had* notified the school board, nor did MB West Chester insist that the school board prove the failure to give notice. Indeed, in responding to the school board's motion at the BTA, MB West Chester fully accepted as the premise for its arguments that the BOR did in fact fail to give notice. Instead of demanding that the school board prove lack of notice, MB West Chester argued that the BOR's "failure to notify the other parties before it does not invalidate the notice of appeal or deprive the Board of Tax Appeals of jurisdiction."

{¶ 34} Third, the BOR itself was a party at the BTA and stipulated to a value with MB West Chester, but it did not respond to the school board's motion, which asserted that the BOR had defaulted in its statutory duty to notify the school board. The BOR's failure to answer the motion and assert compliance with R.C. 5717.01 supports the conclusion that the notification never occurred.

{¶ 35} For all these reasons, and given the absence of the Form DTE 3 from the record before us, we find that the BOR failed to give the school board notice of MB West Chester's appeal.

{¶ 36} Additionally, MB West Chester argues that the school board is not truly a necessary and indispensable party at the BTA. As a result, the failure to notify the school board about the appeal is allegedly innocuous. We previously discussed this issue and concluded that the school board was an appellee at the BTA by operation of law. We reject MB West Chester's argument for the same reasons in this context.

{¶ 37} We hold that the BTA lacked jurisdiction to issue its June 23 decision, because the school board had not been notified of the pending appeal as required by R.C. 5717.01.

**Conclusion**

{¶ 38} For the foregoing reasons, we reverse the order of the BTA denying the school board's motion to intervene and to vacate, and we remand with the instruction that the motion be granted and that further proceedings be held as appropriate.

Decision reversed

and cause remanded.

BROWN, C.J., and PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Taft, Stettinius & Hollister, L.L.P., Lawrence D. Walker, and J. Donald Mottley, for appellee MB West Chester, L.L.C.

Ennis, Roberts & Fischer Co., L.P.A., and Gary T. Stedronsky, for appellant.

_____