**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* **Slip Opinion No. 2017-Ohio-1428.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-1428

GROVEPORT MADISON LOCAL SCHOOLS BOARD OF EDUCATION, APPELLEE, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES; NSCO INTERNATIONAL INVESTMENT, L.L.C., APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-1428.]**

*BTA lacks jurisdiction to vacate a decision, even a void decision, after the time to appeal that decision has passed—Sending copy of Board of Tax Appeals' decision to property owner's tax mailing address was reasonably calculated to give notice of decision to owner—Board of Tax Appeals' decision affirmed.*

(No. 2015-0078—Submitted February 7, 2017—Decided April 20, 2017.)

APPEAL from the Board of Tax Appeals, No. 2011-K-3704.

_____

**Per Curiam.**

{¶ 1} This case involves procedural irregularities following an appeal of the valuation of an apartment complex. In March 2007, after a complaint by the property owner, the Franklin County Board of Revision ("BOR") reduced the subject property's tax-year-2005 value by $936,600. In October 2011—more than four years later—appellee Groveport Madison Local Schools Board of Education ("BOE") appealed to the Board of Tax Appeals ("BTA"). The substantial delay resulted from the BOR's failure to certify its decision to the BOE. No party opposed the appeal, and the BTA reinstated the auditor's original valuation in May 2012.

{¶ 2} Meanwhile, appellant, NSCO International Investment, L.L.C., acquired the property in 2009—after the BOR decision but before the BTA appeal. NSCO contends that it did not receive notice of the BTA appeal even though it owned the property at the time the appeal was perfected. According to NSCO, it first learned of the BTA proceedings in 2014—two years after the BTA decision—when it was told it owed more than $112,000 for tax year 2005. In response, NSCO asked the BTA to vacate its decision and schedule a new hearing because it had not been given notice or an opportunity to be heard. The BTA's decision denying NSCO's motion to vacate is at issue in this appeal.

## Facts and Procedural History

{¶ 3} Columbus Properties, L.P., I, the former owner of the subject property, filed a valuation complaint in March 2006 seeking to reduce the property's tax-year-2005 value from $3,150,000 to $1,800,000. The BOE filed a countercomplaint to retain the auditor's valuation. After a hearing, the BOR lowered the value to $2,213,400. Although the BOR certified its decision to Columbus Properties and to Columbus Properties' successor in interest, Six Ventures, Ltd., on March 1, 2007, it failed to send that notice to the BOE at the time, as required by R.C. 5715.20. According to NSCO, when no appeal was filed

within 30 days of the decision, a refund was issued to a prior owner and the case was closed. NSCO acquired the property in November 2009.

{¶ 4} Although the record is not entirely clear, it appears that the BOE's counsel contacted the BOR in October 2011 inquiring about the status of the case. According to the BOE, it first learned of the BOR's March 2007 decision on October 5, 2011, when its counsel received a copy of the decision by e-mail. The BOE appealed to the BTA on October 28, 2011, citing its lack of notice and the October 5 e-mail as the reason for its delay. The notice of appeal identified NSCO as the owner and listed NSCO's address as "Cooper State Bank, 5811 Sawmill Rd., Dublin, OH 43017." According to the parties, Cooper State Bank held a mortgage on the property and served as NSCO's tax escrow agent. NSCO does not dispute that it designated the Cooper State Bank address as its tax mailing address.

{¶ 5} Although the notice of appeal recognized NSCO as the owner, the BOR made no effort to notify NSCO of the appeal. Instead, in November 2011, the BOR sent written notice to the former property owner, Columbus Properties, indicating that the matter had been appealed to the BTA. The notice purported to comply with R.C. 5717.01 and was addressed to Columbus Properties in care of attorney Carl Rechner.

{¶ 6} During the BTA proceedings, the BOE and the BTA, for the most part, treated Columbus Properties as the sole party with an adverse interest in the appeal, even though NSCO owned the property at the time. The first attempt to notify NSCO of the ongoing appeal occurred when the BOE served its BTA merit brief on NSCO on March 19, 2012. The BOE mailed its brief to NSCO in care of Cooper State Bank at the Sawmill Road address. The body of the brief did not mention NSCO and suggested that Columbus Properties still owned the property.

{¶ 7} The BTA issued its decision on May 22, 2012, finding that the BOE's appeal was timely and that the BOR's decision decreasing the valuation of the property was not supported by sufficient evidence. The BTA reinstated the

auditor's valuation. The first page of the decision lists NSCO as an appellee, notes that no one appeared on NSCO's behalf, and indicates that the BTA sent a copy of its decision to NSCO in care of Cooper State Bank at the Sawmill Road address.

{¶ 8} NSCO does not dispute that the BTA sent a copy of the decision to the tax mailing address in May 2012. But it says that it did not receive a copy of the decision in 2012 and that it was not aware of the decision until 2014, when it learned of a tax obligation for tax year 2005, which, with penalty and interest, exceeded $112,000. Around that time, the clerk of the BOR acknowledged in an e-mail to NSCO that "our office never provided [NSCO] with a copy of [the BOE's] Notice of Appeal so [NSCO was] not aware any of this [i.e., the appeal] happened."

{¶ 9} NSCO moved the BTA to vacate its decision, arguing that it is a nullity because the BTA lacked jurisdiction. The BTA denied the motion to vacate, and NSCO appealed.

## Analysis

{¶ 10} NSCO presents three propositions of law arguing that it had a statutory and constitutional right, as the current property owner, to be notified of the BTA appeal. It argues that because it did not receive notice, the BTA did not have jurisdiction to render a decision and its decision therefore must be vacated. The BOE's primary response is that we need not consider NSCO's propositions of law because the BTA lacked jurisdiction to vacate its decision. We agree with the BOE.

*The BTA lacks jurisdiction to vacate a decision—even a void decision—after the time to appeal that decision has passed*

{¶ 11} NSCO argues that the BTA had jurisdiction to vacate the 2012 decision because, if its propositions of law are correct, the decision was void ab initio. NSCO argues, in essence, that the BTA never loses the ability to vacate a decision it lacked jurisdiction to render. Our precedent instructs otherwise.

4

**{¶ 12}** Significantly, an administrative tribunal like the BTA does not possess the same powers as a court. "A court has an inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." *Van DeRyt v. Van DeRyt*, 6 Ohio St.2d 31, 36, 215 N.E.2d 698 (1966). Because a court's power to vacate a void judgment is inherent, there is no deadline for it to exercise that power. *See id.* A statutorily created administrative tribunal like the BTA, in contrast, lacks inherent authority to vacate a void decision in perpetuity. We have explained that, unlike courts, administrative tribunals have authority to reconsider their decisions "only in very limited circumstances." *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 368, 721 N.E.2d 40 (2000). In *Cincinnati School Dist.*, we held that a board of revision does not have inherent power "to vacate a decision, even a void decision, after the appeal time has run." *Id*.

**{¶ 13}** The same principle applies to the BTA. In *1495 Jaeger, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 132 Ohio St.3d 222, 2012-Ohio-2680, 970 N.E.2d 949, we held that "the BTA loses jurisdiction to * * * vacate its decision * * * if the appeal period expires without an appeal having been filed." *Id*. at ¶ 15. *See also Natl. Tube Co. v. Ayres*, 152 Ohio St. 255, 89 N.E.2d 129 (1949), paragraph one of the syllabus ("The Board of Tax Appeals has control over its decisions until the actual institution of an appeal or the expiration of the time for an appeal").

**{¶ 14}** As explained below, the harshness of this rule is tempered by the fact that the BTA's failure to transmit a decision to a person entitled to notice under R.C. 5717.03(B) tolls that person's appeal period, thereby permitting the BTA to grant a timely motion to vacate. *See MB W. Chester, L.L.C. v. Butler Cty. Bd. of Revision*, 126 Ohio St.3d 430, 2010-Ohio-3781, 934 N.E.2d 928, ¶ 24. But the general rule—that a statutorily created tribunal loses the power to vacate a void decision once the time to appeal has passed—remains good law.

*The BTA complied with R.C. 5717.03(B) by sending the decision*
*to NSCO's tax mailing address*

{¶ 15} R.C. 5717.04 requires a party to appeal a BTA decision within 30 days of its entry. In *MB W. Chester*, we explained that this period is tolled for a person to whom the BTA did not give the notice required by R.C. 5717.03(B). *Id.* at ¶ 24. R.C. 5717.03(B) provides:

> In case of an appeal from a decision of a county board of revision, * * * the board of tax appeals' decision and the date when it was filed with the secretary for journalization shall be sent by the board to all persons who were parties to the appeal before the board, to the person in whose name the property is listed, or sought to be listed, if such person is not a party to the appeal, to the county auditor of the county in which the property involved in the appeal is located, and to the tax commissioner.

Because NSCO was "the person in whose name the property [was] listed" at the time the BTA entered its decision, the BTA was required to send its decision to NSCO. Under our holding in *MB W. Chester*, if the BTA failed to do so, then NSCO's appeal period never began and the BTA retained the power to vacate its decision.

{¶ 16} The BOE contends that the BTA satisfied its duty by sending a copy of its decision to NSCO's tax mailing address. Although NSCO asserts that it did not have actual notice of the decision until July 2014, it does not dispute that the BTA sent the decision to "NSCO International Investment, LLC" at Cooper State Bank's address in May 2012 or that it designated that address as its tax mailing address. And the BTA, in its decision denying NSCO's motion to vacate, represented that it had, in fact, sent the decision to the tax mailing address. The

issue, therefore, is whether notice to the tax mailing address satisfied R.C. 5717.03(B).

{¶ 17} Because R.C. 5717.03(B) itself does not specify what address ought to be used, "the constitutional due process principle supplies the rule: the owner may be served at an address that is reasonably calculated to give notice to the owner." *Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 17. Service by the BTA to an owner's tax mailing address ordinarily will satisfy that standard, because the owner designates that address to the auditor at the time of transfer (R.C. 319.20) and has a duty to notify the county treasurer of any changes (R.C. 323.13). *See also Disciplinary Counsel v. Taylor*, 120 Ohio St.3d 366, 2008-Ohio-6202, 899 N.E.2d 955, ¶ 13 (stating that the tax mailing address associated with a parcel of real property "serve[s] to furnish county officials and the public with the designated address at which the property owner or the owner's agent would receive notice of tax assessments and other related filings"). "In situations where a taxpayer supplies officials with an address, it may be fairly presumed that the taxpayer can be reached at such address." *In re Foreclosure of Liens for Delinquent Taxes*, 62 Ohio St.2d 333, 337-338, 405 N.E.2d 1030 (1980).

{¶ 18} This general rule is not without exception. For example, when a state actor responsible for providing a tax-related notice has actual knowledge of a different, better address, notice to the tax mailing address would not be " 'reasonably calculated' to reach the taxpayer." *Id.* at 338, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Similarly, the state does not comply with due process when it sends notice to a former owner's tax address, *Knickerbocker* at ¶ 18, or when, after timely learning that attempted certified service has failed, it fails to take further reasonable steps to provide notice, *Jones v. Flowers*, 547 U.S. 220, 229-230, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006).

{¶ 19} But these exceptions do not apply to the BTA's service of its decision on NSCO. Unlike in *Foreclosure of Liens*, there is no evidence here that the BTA had actual knowledge of a different address. And contrary to what NSCO argues, no law required the BTA to search for another viable address when NSCO already had provided an address for tax purposes. Although it may be true that the address of NSCO's statutory agent was available through the secretary of state, R.C. 323.13 places the burden on the property owner to maintain an up-to-date tax mailing address. *See Cincinnati v. York Rite Bldg. Assn.,* 164 Ohio App.3d 591, 2005-Ohio-6771, 843 N.E.2d 250, ¶ 14 (1st Dist.). Imposing a burden on the BTA to locate an alternative address would tend to reverse that statutory burden. And under R.C. 1705.06(H)(1) and (J), service on a limited-liability company "may" be obtained through service on its statutory agent or by "any other manner permitted by law." *See Downey v. 610 Morrison Rd., L.L.C.*, 10th Dist. Franklin No. 07AP-903, 2008-Ohio-3524, ¶ 41. Because a permissible service address was already available and used, the BTA was not required to serve NSCO's statutory agent.

{¶ 20} Nor is this case like *Knickerbocker* or *Flowers*, in which state actors had reason to know that the addresses used were no longer valid or that service had not been effected. There is no evidence here that the decision was returned as undeliverable, and no evidence suggests that the BTA had a reasonable way of knowing that the bank would not forward the decision to NSCO. Although NSCO argues that "[t]he mortgage company is not an agent of the owner" and had no "legal obligation to notify the owner of the BTA's decision," without evidence concerning the contractual relationship between NSCO and Cooper State Bank, we have no way of knowing whether these allegations are true. And more importantly, even if they are true, there is no evidence that the BTA had that knowledge. Under these circumstances, NSCO's claim that it did not actually receive a copy of the decision is of little import because "the constitutionality of a particular procedure for notice is assessed *ex ante,* rather than *post hoc.*" *Flowers* at 231.

*The BTA lacked authority to vacate its decision*

**{¶ 21}** Given the absence of actual notice to the BTA that NSCO's tax mailing address was invalid or that a different address should have been used, we hold that the BTA's notice was "reasonably calculated, under all the circumstances, to apprise" NSCO of the May 22, 2012 decision under R.C. 5717.03(B). *See Mullane*, 339 U.S. at 314, 70 S.Ct. 652, 94 L.Ed. 865. Because the BTA satisfied R.C. 5717.03(B), the time to appeal ended 30 days after May 22, 2012. The BTA lacked jurisdiction to vacate its decision after that time.

**Conclusion**

**{¶ 22}** We affirm the BTA's denial of NSCO's motion to vacate, although for a different reason. Based on this conclusion, it is unnecessary for us to address NSCO's propositions of law.

Decision affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents and would reverse the decision of the Board of Tax Appeals.

_____

Rich & Gillis Law Group, L.L.C., Mark Gillis, and Kimberly G. Allison, for appellee Groveport Madison Local Schools Board of Education.

Vorys, Sater, Seymour & Pease, L.L.P., Nicholas M.J. Ray, and Steven L. Smiseck, for appellant.

_____